## CLEMENT v. RILEY.

1. Plaintiffs, claiming to be sole distributees of intestate, brought action against defendant, as administratrix, for an accounting by her of her administration. Defendant claimed to be the widow of intestate, and in the fourth paragraph of her answer alleged that the personalty received by her was not more than would be allowed to her by law as an exemption of personalty. *Held,* that the matter stated in this paragraph, if true, would not relieve defendant from her liability to account.

2. In such action, an allegation in the answer that the only available property of which intestate died seised and possessed was two lots of land of which defendant was in possession, and which she claimed to hold against the plaintiffs and all other persons, was properly held on demurrer not to state facts sufficient to constitute a defence to the accounting demanded.

Before FRASER, J., Charleston, July, 1887.

This case was brought upon the following grounds of appeal:

1. Because the said judge erred in sustaining the demurrer to the fourth paragraph of the answer herein; it having been admitted thereby that the personal estate of Stephney B. W. Riley, the deceased husband of defendant, after paying debts and funeral expenses, is of less value than five hundred dollars.

2. Because the said judge erred in sustaining the demurrer to the fifth paragraph of the answer, and should have decided that all claims of the plaintiffs against the defendant arising out of the same relations and circumstances, should be adjudicated and settled in one action.

*Messrs. Buist & Buist,* for appellant.

*Messrs. Rutledge & Rutledge* and *T. M. Mordecai,* contra.

June 30, 1888. The opinion of the court was delivered by

MR. JUSTICE McIVER. The plaintiffs, alleging that they are the sole heirs at law and distributees of the intestate, Stephney B. W. Riley, bring this action against the defendant, Molly, as administratrix of said estate, for an account of his personal estate.

The defendant answered, admitting in the 1st paragraph that

she was duly appointed administratrix of the personal estate of said Stephney B. W. Riley. In the 2nd paragraph she denies that the plaintiffs, or any of them, are heirs at law or distributees of her intestate. In the 3rd paragraph she alleges that she was duly married to said intestate many years since, and continued to live with him as his wife up to the day of his death. In the 4th paragraph she says: "That she is advised and believes that she is entitled to a homestead of five hundred dollars in the personal property of which her late husband died seized, and alleges that after the payment of all his just debts and funeral expenses, the homestead will exhaust all personal property in her hands as administratrix." In the 5th paragraph she alleges "that the only available property of which her deceased husband, Stephney B. W. Riley, died seized and possessed" consists of two lots of land in the city of Charleston, particularly described, which she says, "is in the possession of this defendant, and she claims to hold the same against the plaintiffs and all other persons whomsoever." In the 6th paragraph she denies that plaintiffs are entitled to demand from her any account of her actings and doings as administratrix, or to any share whatever in either the real or personal property of her intestate. She therefore prays "that, in order to prevent multiplicity of actions, and the exhaustion of this small estate by continued litigation, all issues relating to both real and personal estate be adjudged herein, and that the complaint herein be dismissed with costs."

The plaintiffs demurred to the 4th and 5th paragraphs of the answer upon the ground that the facts stated therein are not sufficient to constitute either a defence or a counter-claim; and the Circuit Judge having sustained the demurrer, defendant appeals upon the grounds set out in the record, which need not be repeated here.

Inasmuch as the Code, in section 170, declares: "The answer of the defendant must contain: 1. A general or specific denial. * * * 2. A statement of any new matter constituting a defence or counter-claim;" and in section 174 expressly provides that "the plaintiff may, in all cases, demur to an answer containing new matter, where upon its face it does not constitute a counter-claim or defence;" it seems to us that the only question involved

in this appeal is whether the new matter stated in the 4th and 5th paragraphs of the answer constituted either a counter-claim or defence to the action. It is too plain for argument that the new matter stated in these paragraphs does not constitute a counter-claim, and this seems to be conceded by the appellant's counsel. So that the real inquiry is whether the facts stated in either of those paragraphs constitute any defence to the plaintiffs' action.

First, as to the new matter—the homestead exemption—set up in the 4th paragraph of the answer. It will be observed that the language of this paragraph is rather in the form of a statement of a legal conclusion than in the form of a statement of facts from which the legal right claimed flows; but waiving this, and assuming that the paragraph contains such a statement of facts as shows that the defendant is entitled to claim an exemption under the homestead laws, out of the personal property in her hands as administratrix, we do not see how this would constitute any defence to the plaintiffs' action. If the plaintiffs are, as they claim to be, the sole heirs at law and distributees of the intestate Riley, they have a right to know how much of his personal estate has gone into the hands of his administratrix, and what disposition of it has been made by her. It may be that she has illegally disposed of some or all of it, or it may be that she has failed to take proper steps to possess herself of all of the personal assets of her intestate, and therefore while it may be true that the debts, funeral expenses, and homestead exemption "will exhaust all personal property in her hands as administratrix," it may at the same time be true that there are other assets which *ought to be* in her hands as administratrix. All this can only be properly ascertained by an accounting in the regular way, and the fact that such accounting may be fruitless in results to those who demand it, constitutes no ground for refusing their demand. It is clear, therefore, that the new matter set up in the 4th paragraph of the answer constitutes no defence to plaintiffs' action.

Next, as to the new matter set up in the 5th paragraph of the answer—as to the real estate of which the intestate died seized. It must be kept in mind that the whole theory upon which the action of the plaintiffs proceeds is that they are the sole heirs of the intestate, and that the defendant has no interest whatever in

his estate, and no connection therewith except as administratrix of the personal estate. This invests her with no interest in the real estate, and, strictly speaking, she has nothing whatever to do with it. Now, if this theory be well founded in fact, it is plain that the only cause of action which the plaintiffs have against the defendant, *as administratrix* of the estate of Riley, is for an account of the personal estate. It is true that if the defendant, *as an individual,* is in possession of the real estate of which the plaintiffs' ancestor died seized, as is stated in the 5th paragraph of the answer, then the plaintiffs may have a cause of action *at law* against her, as an individual, to recover possession of the same; but whether these two causes of action could be united in the same suit might admit of the gravest doubt; certainly the plaintiffs could not be compelled to unite them. It may also be true that, if a portion of the heirs at law of an intestate should bring an action for account against another one of the heirs who had administered on the personal estate, and who was at the same time in possession of the real estate, a Court of Equity would, with a view to prevent a multiplicity of suits, by unnecessary splitting causes of action, make such orders as would bring the whole estate, both real and personal, before the court for partition and distribution in one proceeding. But that is not this case.

All this, however, is somewhat aside from the real question involved in this appeal. The question is, not whether the facts stated in the 5th paragraph of the complaint are sufficient to warrant a motion to the court requiring the plaintiffs to amend so as to embrace a claim for the real estate, as well as a claim for an account of the personal estate (even as to which the gravest doubts may well be entertained), but the question here is whether those facts constitute any defence to the action for account. It seems to us so plain that they do not, that it is very difficult to conceive how a different view could be entertained. The fact that the plaintiffs may have a cause of action against the defendant as an individual to recover possession of the real estate of their ancestor, of which she has possessed herself, certainly cannot constitute any defence whatever to this action brought solely for the purpose of requiring her to account for her administration of the personal estate.

The judgment of this court is, that the judgment of the Circuit Court, sustaining plaintiffs' demurrer, be affirmed.