## GALLOWAY v. GALLOWAY.

LIABILITY OF LANDS SOLD BY DEVISEE FOR DEBTS OF TESTATOR.—Lands *bona fide* sold by devisee within twelve months after death of testator, both alienor and alienee having no notice of debt in question but of other debts, alienee not having obligated himself to pay any part of testator's debts, and the will not making the debts a charge on the land, is not liable for its pro rata share of debts of testator in possession of alienee, nor for its pro rata share of fee of attorney of executor.

MR. JUSTICE GARY *dissents.*

Before WATTS, J., Lee, December, 1905. Affirmed.

Action by W. L. Galloway and C. V. Galloway, executors of Winnie A. Galloway against Addison S. Galloway *et al.* From Circuit Court decree, plaintiffs appeal.

*Mr. Geo. W. Brown, for appellant,* cites: 1 Brev., 189; 60 S. C., 322; 2 Hill, 580; 58 S. C., 529; 9 S. C., 437; 21

S. C., 159; 26 S. C., 240; 3 Strob. Eq., 42; 4 Rich. Eq., 928, 60; 29 S. C., 84; 32 S. C., 249; 5 Johns Ch., 451; 14 Abb., 161; 3 Waits Pr., 494; 13 S. C., 447.

*Messrs. E. Keith Dargan* and *W. T. Dargan* for D. W. Gilbert, contra, cite: 2 Hill, 582; 12 S. C., 22; 15 S. C., 151, 188; 17 S. C., 197; 27 S. C.. 323; 2 Jar. on Wills, 528; 69 S. C., 78; 15 S. C., 137; 17 S. C., 164; 30 S. C., 483; 57 S. C., 305.

April 11, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action was commenced in July, 1902, by plaintiffs in their own right, and as executors of Winnie A. Galloway, to sell land in aid of the personal assets to pay debts and for partition, the small personal assets having been sold and applied to the undisputed debts of the estate.

Minnie A. Galloway died July 4, 1901, testate; the will was probated July 20, 1901, and the plaintiffs then qualified as executors. The land sought to be sold in these proceedings was devised under the will in equal portions to her children, the plaintiffs, W. L. Galloway and C. V. Galloway, and the defendants, A. S. Galloway, E. E. Galloway, Roland B. Galloway, Ernest H. Galloway and M. C. Galloway. On December 5th, 1901, Ernest H. Galloway and Roland B. Galloway, and on December 10th, 1901, Addison S. Galloway, by separate deeds in consideration of $250 each, conveyed their interests in the premises to the defendant, D. W. Gilbert. On December 26th, 1901, defendant Jessie E. Galloway, wife of executor W. L. Galloway, filed with the executors an account amounting to $983, for services rendered as nurse to the testatrix, and on the same day, the defendant Lelia Galloway, filed with the executors an account amounting to $675, for services rendered as nurse to the testatrix. The testatrix was an invalid and bed-ridden for several years prior to her death. The issues raised by the

pleadings as to what was due Jessie E. and Leila Galloway for alleged services to the testatrix have been referred to a jury and are not involved in the present inquiry. The real issue in this appeal is whether the three-sevenths interest conveyed by the three devisees named to D. W. Gilbert can now be subjected to the payment of the debts of the testatrix. The land was not charged by the will with the payment of debts. The Circuit Court affirmed the conclusion of fact of T. H. Spain, referee, that the conveyances to D. W. Gilbert by the three devisees were made before the commencement of this action *"bona fide* and in the utmost good faith," that at the time of the conveyances the alienors and alienee did not have notice of the debts alleged in the complaint, but did have notice of the doctor's bills and funeral expenses due by the estate, and that the alienors now are, and at the time of the conveyances were insolvent, that D. W. Gilbert did not obligate himself to pay any debts of the testatrix. These findings are supported by the preponderance of the evidence and meet our approval.

These facts warrant the conclusion of the Circuit Court affirming the report of the referee that the interest of D. W. Gilbert, having been acquired by him *bona fide,* and before this action was brought, was not liable for the payment of the debts of the testatrix.

Sections 2572 *et seq.,* Civil Code, providing for liability of heirs and devisees with respect to land descended or devised, expressly exempt lands *bona fide* aliened before action is brought, and have been so construed in a number of cases refered to in the notation to sec. 2575, notably, *Smith* v. *Grant,* 15 S. C., 148; *Warren* v. *Raymond,* 12 S. C., 22; 17 S. C., 188. The appellant contended, however, that this construction should not be applied to alienations made within the twelve months after the testator's or intestate's death, during which time executors and administrators are exempt from suit for recovery of debts. It is possible to conceive of hard cases arising under this rule. The statute, however, places no restriction of time on the right of the

heir or devisee to alien and the Court cannot enforce any. It may well be that an alienation may take place so quickly after the death of the intestate or testator, and under such circumstances that a Court would declare it not to be *bona fide,* and in all cases the Court should be very careful to see that the alienation is *bona fide;* but conceding the *bona fides* of the transaction, the Court cannot do otherwise than declare the law as written. It should be remembered that under the common law lands were not liable for debts, and as against lands the creditor having no lien thereon has only such equities as are created for him by statute. Subject only to such equity, the title of the heir or devisee to lands descended or devised is absolute, and the right of *bona fide* alienation must follow.

The interest of defendant Gilbert is likewise exempt from the payment of any portion of the fee which may be awarded to plaintiff's counsel.

The exceptions are all overruled and the judgment of the Circuit Court is affirmed.

MR. JUSTICE GARY, *dissenting.* Section 2575 of the Code of Laws mentioned in the opinion of Mr. Justice Jones, must be construed in connection with sections 2612 and 2536, which are as follows:

"Sec. 2612. Houses, lands and other hereditaments and real estates, situate or being within this State, belonging to any person indebted, shall be liable to and chargeable with all just debts, duties and demands, of what nature or kind soever, owing by any such person, and shall and may be assets for the satisfaction thereof, and shall be subject to the like remedies, proceedings, and process, as personal estates."

"Sec. 2536. Every executor or administrator shall give three weeks' notice by advertisement in one of the gazettes printed in the County, or if there be none, in some gazette of general circulation in the County, for creditors of the estate in his charge to render an account of their demands, duly attested; and he shall be allowed *twelve* months to

ascertain the debts due from the deceased, reckoning from probate of will or grant of administration."

A grantee who takes a conveyance from a devisee, during the twelve months allowed for ascertaining the indebtedness of the estate, cannot claim that he is a *bona fide* alienee, as he has no right to assume that it will not be necessary to resort to a sale of the lands devised, to satisfy the debts of the devisor.    11th Ency. of Law, 1096; 18th Cyc., 892-3; *Fogle* v. *Church,* 48 S. C., 86; 26 S. C., 99.

It would be against public policy, as it would tend to bring about injustice and fraud, to allow the grantee of a devisee to acquire rights paramount to those of the creditors of the testator's estate, while the debts were being ascertained, and while the creditors were prevented from instituting proceedings to protect their rights.

The creditors, being enjoined by the statute from asserting their rights, within the twelve months therein mentioned are entitled to the same rights they would have had, if they had been enjoined by the Court.

In the case of *Stackhouse* v. *Wheeler,* 17 S. C., 91, 104; the Court after pointing out wherein that case differed from the case of *Smith* v. *Grant,* 15 S. C., 136, used this language: "In this case the creditors of the testator had been enjoined from suing, and the Court had undertaken to provide for the payment of their debts, which they had been prohibited from enforcing in the usual way; and before this was done, and while the proceedings were pending for that purpose; certainly no Court would allow a purchase, with notice, from a party to the action of a portion of the property which by its order had been withdrawn from the reach of the creditors, to prevail against a purchase at a sale under the order of the Court for the purpose of effecting the object, for which it had withdrawn the property from the reach of the creditors, and had assumed the duty of applying it to the payment of their debts."

For these reasons I dissent.