## 16684

J. F. FLOYD MORTUARY, INC. v. NEWMAN *ET AL.*

(73 S. E. (2d) 444)

*Mr. Thos. B. Butler,* of Spartanburg, *for Appellant,*

*Mr. Simpson Hyatt,* of Spartanburg, *for Respondent,*

Nov. 13, 1952.

STUKES, Justice.

The wife of George F. Newman died intestate on March 14, 1948, and he engaged appellant to conduct her funeral, furnish the casket, etc., which appellant did for a total price of $648.50. The intestate owned no property except a house and a lot of the agreed value of $1,200.00 at the time of her death, subject to a mortgage upon which there was due, as of Nov. 1, 1948, $505.60. Newman was the sole heir at law and distributee of his wife and was granted letters of administration upon her estate on April 7, 1948. He qualified and filed his bond as administrator in the sum of $100.00, without surety. The appraisal of the estate was made and filed and showed no personal property and only the little realty aforementioned. Appellant filed verified claim for the amount of the funeral expenses, $648.50, in the office of the probate court on August 31, 1948. There were no other debts except that secured by the real estate mortgage, for which it appears that no claim was filed.

On November 1, 1948, more than six months after the death of the intestate and his qualification as administrator, Newman conveyed the real estate to one McIntyre who executed a mortgage for $1,000.00 thereon to the respondent Rippy, from the proceeds of which the mortgage which had been given by the intestate was paid and the balance of the proceeds was applied on the purchase price, presumably paid to Newman, who on the same date obtained second mortgage from the purchaser, McIntyre, for $200.00, which represented the balance of the purchase price. On Nov. 16, 1948, Newman assigned this second mortgage to Rippy.

Thereafter, on March 22, 1949, McIntyre conveyed the property to Rippy for the recited consideration of $5.00 and the assumption of the indebtedness of both mortgages. The title is still in Rippy and, presumably again, the mortgage liens have merged in it. It is agreed that improvements thereafter made by Rippy increased the value of the property to the sum of $1,800.00.

This action was brought by appellant on April 7, 1949, against Newman as administrator and, individually, as the sole heir at law of the decedent, and against McIntyre and Rippy as defendants. Service was not effected upon McIntyre and Newman defaulted. Sale of the real estate was sought in aid of assets for the payment of the debt due plaintiff, who is now appellant. After reference at which the above stated facts were established and found, it was held by the master and the court that Rippy, who is now respondent, had obtained title to the property free of the claim of appellant, perforce the provisions of Sec. 9033 of the Code of 1942, which are in substance that there may be a *bona fide* sale or mortgage by an heir or devisee for valuable consideration before action brought and after expiration of six months following the death of the ancestor or testator, free of the claims of creditors of the latter.

In its original form the statute is quite old but it was amended in 1934, whereby mortgages were included along with conveyances and such a transaction was defined as *bona fide* when upon valuable consideration, and made before action brought and after expiration of six months. Theretofore there was no time element so it appears that an heir or devisee may then have conveyed under the terms of the statute immediately after the death of his ancestor or testator. *Galloway v. Galloway,* 76 S. C. 524, 57 S. E. 528. For the amendments see Act No. 950 of 1934, 38 Stat. 1600. "Action brought" can only reasonably be held to be such as this is, and not the mere filing of claim in the probate court or with the executor or administrator. There is no semblance of "action brought" in such filing of claim.

The contention of appellant is that he is unconstitutionally deprived of remedy for the collection of his debt and, therefore, his property, without due process; that Sec. 8993 allows an executor or administrator twelve months to ascertain the debts of the estate, and a creditor is required, Sec. 8994, to file his claim within that time; and Sec. 418 bars an action against an executor or administrator upon a debt of the deceased until twelve months after the death of the latter. The argument overlooks Section 9001 *et seq.* of the Code. Section 9002 is as follows:

"On application to the probate judge, at any time after the qualification of any executor or administrator, by a creditor or creditors of the deceased, or the administrator or executor by petition in writing, setting forth the indebtedness of the deceased, the deficiency of assets, and showing the ownership of real estate by the deceased, the judge of probate shall forthwith issue a summons to the heirs at law or devisees of the estate requiring them to appear before him at his office at such time as may be fixed in the summons to show cause, if any they might have, why such real estate should not be sold. The form of said summons to be as follows:" etc.

It is noted that this statutory remedy existed from the time of the qualification of the administrator; appellant failed to pursue it for more than six months, which was fatal to it in this case because of the intervening sale of the real estate by the heir. The analogy of the propriety of a six months' statute of limitations is found in *Gillespie v. Pickens County,* 197 S. C. 217, 14 S. E. (2d) 900.

It is thus easily seen that appellant was not without remedy but merely failed to proceed with necessary promptness. His constitutional questions are without merit. Admittedly, it is a "hard case" but the law is too plain to permit other than affirmance.

Appellant cites to its contended point of no remedy, *Strickland v. Chaplin,* 199 S. C. 203, 18 S. E. (2d) 736. How-

ever, in that case action was attempted against the administrators within the administration year, which was in contravention of Sec. 418. Pending the appeal the question became moot because of the passage of time and the case was remanded for further proceedings, with costs to the defendants. The incidence of costs was the only practical difference between the results of the majority and minority opinions. The authority is of no aid to appellant here.

Parenthetically, we add that in view of the existence of the plain remedy provided by Secs. 9001 *et seq.* it is of no use to explore the possibility of action in a court of equity, under proper circumstances, to subject the real estate formerly of a decedent to the satisfaction of the debt of the latter, this without joining as a defendant the executor or administrator in violation of Sec. 418; but see *Temple v. Montgomery,* 157 S. C. 85, 153 S. E. 640, 646, in which it was said: "To institute or maintain a creditor's suit to * * * sell realty in aid of personalty to pay debts, it is not required that there be any *nulla bona* return, or execution, or judgment." This decision was before the enactment in 1936, 39 Stat. 1420, of the present Code sections 9001 *et seq.* Strictly speaking, and in the absence of statute, an administrator has nothing to do with real estate. *Clement v. Riley,* 29 S. C. 286, 6 S. E. 932.

Judgment affirmed.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.