### S. M. WARD & CO. v. FORD.

1. CAUSE OF ACTION—PLEADINGS.—A COMPLAINT stating that defendant flooded plaintiff's plantation by means of canals and dams on his own lands without grant or license, states a good cause of action.

2. DEMURRER—JUDICIAL NOTICE.—In considering a demurrer for insufficiency of allegation, the Court will take judicial notice of ebbing and flowing of tides, and of geographical areas covered thereby, but not that individual plantations are so subjected.

Before KLUGH, J., Georgetown, November, 1899. Affirmed.

Action for damages by S. M. Ward & Co. against Frederick W. Ford. From order dismissing demurrer, defendant appeals.

*Messrs. Mitchell & Smith,* for appellant, cite: *A demurrer only admits well pleaded issuable facts:* 99 U. S., 35; 73

N. W. R., 57; 74 N. W. R., 354; 45 N. E. R., 622; 101 N. Y., 329; 47 S. C., 184; 54 S. C., 578. *Requisite statement in a complaint:* 18 S. C., 471; 35 S. C., 309. *Conclusions constitute no part of cause of action:* 28 S. C., 396; 33 S. C., 217; 34 S. C., 67; 45 S. C., 392; 73 N. E. R., 56; 45 N. E. R., 622; 107 U. S., 591; 115 U. S., 237. *So expressions and allegations of damages:* 34 S. C., 66, 324; 35 S. C., 475, 493; 37 S. C., 194. *What Court will take judicial notice of:* 11 La. Ann., 432; 7 Pet., 324; 4 Fed. R., 478; 26 Ind., 257; 64 N. W. R., 239; 48 S. W. R., 729; 55 Pac. R., 635; 91 U. S., 42; 137 U. S., 216. *Rule of law as to surface waters:* 28 S. C., 157; 54 S. C., 242. *As to malicious intent:* 13 C. B., 285, 297; 24 Penn. St., 308; 13 Wend., 261.

*Messrs. Trenholm, Rhett, Miller & Whaley, Gilland & Pyatt,* and *Walter Hazard,* contra, cite: *This appeal should not be considered because record does not contain grounds of demurrer:* C. C. R., XVIII.; 51 S. C., 36; 30 S. C., 526; 35 S. C., 372; 50 S. C., 528; 53 S. C., 139; 55 S. C., 537. *As to rule of construction of pleadings and demurrer:* 51 S. C., 439; 9 Fed. R., 91. *As to the right to divert the waters of a stream to the prejudice of others:* 2 Rich., 637; 2 Hill, 640; 1 Rich., 447; 30 N. H., 478; 106 N. C., 381; 55 Miss., 476; 54 S. C., 242.

September 13, 1900. The opinion of the Court was delivered by

MR. JUSTICE JONES. The Circuit Court overruled defendant's demurrer to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action, and the defendant now seeks to reverse said order. The complaint attempted to state two causes of action, each of which was demurred to; but it will be sufficient for this appeal to state the allegations as to one of said causes, which are substantially as follws: 1. That plaintiffs were partners in carrying on the business of rice planting, in Georgetown County. 2. That as such they were and are in possession

of a tract of land in said county known as "Woodside." 3.
That the defendant owned and was in possession of a tract
of land in said county known as "Rice Hope," lying on the
waters of North Santee River, and between said river and
said "Woodside" plantation. 4. That the banks of said
river, its creeks and canals bounding on "Rice Hope" plan-
tation, and the trunks and openings in the same, were at the
times mentioned hereafter solely within the care, manage-
ment, control and operation of the defendant. 5. Alleged
certain expenditures incurred in the preparation, &c., of said
"Woodside" plantation in 1897 and 1898 for cultivation.
6. "That in the spring of the year 1898, when, as hereinbe-
fore alleged, these plaintiffs were in lawful possession of said
'Woodside' plantation, and in the exercise and enjoyment of
their legal rights in and upon the same, the said defendant,
as these plaintiffs are informed and believe, and upon such
information and belief allege, unlawfully and with malicious
desire to annoy, harrass, injure and oppress these plaintiffs,
so used the said 'Rice Hope' plantation, and so controlled,
handled, maintained and operated the said banks of said
river, and of its canals and its creeks, as also the trunks and
openings therein, as to cause the rice fields of said 'Wood-
side' plantation to be overflowed, which fields, as hereinbe-
fore alleged, had been prepared for cultivation at much
expense by those plaintiffs, and so caused and maintained
such nuisance as to hinder and prevent any and all cultiva-
tion of said 'Woodside' plantation, during the said year
1898, and so render the same utterly useless to these plain-
tiffs during said two years. 7. That by reason of the wil-
ful, unlawful and unreasonable conduct and action of the
said defendant, as aforesaid, in the use and management of
his said 'Rice Hope' plantation, and in the use, management,
care, control, maintainance and handling of the banks of
said river and of its canals and creeks, and also of the trunks
and openings therein, these plaintiffs, in the manner afore-
said, suffered the special injuries and damages hereinbefore
alleged, as well as the loss of the crops intended to have been

cultivated on said 'Woodside' plantation, in all to the damage of these plaintiffs in the sum of at least $1,500." 8. Some allegations as to exemplary damages.

We think that the complaint states a cause of action. A cause of action is stated when the facts alleged show some right of plaintiff, and the invasion of that right by some delict or breach of duty by defendant. The complaint shows plaintiff's right to the unobstructed use and enjoyment of "Woodside" plantation, and the invasion of that right by the defendant in flooding said plantation by means of a water course. Admitting the defendant's right to use the waters of North Santee River to flood his own plantation, "Rice Hope," the exercise of such right would become unlawful when he thereby also flooded plaintiff's land, in the absence of any grant, license or prescription authorizing the same. The case presented is one of flooding by means of a water course, and not a flooding through freshet, tide water or surface water.

While it is true that in determining a demurrer for insufficiency, the Court will treat as alleged all facts of which the Court should take judicial notice, as the fact that the tide ebbs and flows, and the general geographical areas subject thereto, still we cannot assume as one of such facts, that "Rice Hope" and "Woodside" plantations are so subject, and argue therefrom that the flooding complained of was due to the action of tide water, and that the complaint failed to allege any duty that defendant owed to plaintiff to protect their land therefrom.

The judgment of the Circuit Court is affirmed.