12548

SPIGENER v. PROVIDENT LIFE & ACCIDENT INS. CO.

(146 S. E., 8)

Messrs. E. J. Best, and J. B. McLauchlin, for appellant,

*Mr. Ashley C. Tobias, Jr.,* for respondent, 

December 19, 1928.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE J. W. THURMOND.

This action was instituted in the County Court for Richland County, and is for libel, and arose from the following facts:

The plaintiff was a general agent for the defendant, at Columbia, S. C., and as such wrote a policy of insurance for S. J. Zimmerman against accident. On the delivery of the policy, the plaintiff collected the annual premium, but did not remit same to the defendant for about 70 days.

The policy in question was written on the 26th day of May, 1926, and delivered on the 3d day of June following. On July 21st thereafter the defendant wrote the plaintiff that the premium should be remitted not later than July 30th, and in response to this letter the plaintiff wrote the defendant that the premium would be in its office not later than August 15th, and on August 14th plaintiff wrote the defendant inclosing his check for the premium; but on the 16th day of August S. J. Zimmerman, the insured, received through the mail notice of the cancellation of the policy for nonpayment of premium.

The defendant interposed a demurrer to the complaint on the following grounds, to wit: "(1) That the complaint

does not state facts sufficient to constitute a cause for action in that the notice did not charge the plaintiff with any wrong; (2) in that the publication complained of is not libelous *per se* and the inference drawn by the plaintiff as to the innuendo is a conclusion neither reasonable not justifiable; (3) in that the publication complained of is not libelous *per se* and that the inference drawn from such language is one arbitrarily selected by the plaintiff from other natural inferences not libelous; (4) in that the publication is not libelous *per se* and there is no averment of special damages sustained by the plaintiff, and (5) in that the publication complained of is not libelous *per se* and there is no averment of any peculiar extrinsic facts or circumstances which impress the language with a libelous meaning."

His honor, Judge Whaley, sustained the demurrer, and his order follows:

"This matter comes before me on Demurrer to the Complaint upon five (5) separate grounds. There are four (4) cases in which the parties are identical, each case alleging a cause of action for libel baced upon a notice of cancellation of a policy of insurance sent to an assured whose policy was solicited and written by the plaintiff as agent for the defendant company. The actions are in every respect identical, save for the difference in the names of the respective assured, and for the sake of brevity I am treating the four (4) cases as one, and this order, therefore, will apply to each of the four (4) cases.

"After reading the complaint carefully and hearing arguments by counsel, I am convinced that the notice referred to, and the words therein contained which are complained of, are not libelous *per se,* there are no allegations as to any especial damages and no extrinsic circumstances alleged which would render the words in the notice libelous.

"Under the authorities in *Prickett v. Western Union Telegraph Co.,* 134 S. C., 276, 132 S. E., page 587, and in

*Bell v. Clinton Oil Mill,* 129 S. C., 242; 124 S. E., page 7, I am of the conclusion that the complaint is demurrable.

"It is therefore ordered that the demurrer of the defendant be and the same is hereby sustained and the complaints dismissed."

The plaintiff served eight exceptions to the order, which may be considered together, as they raise but one question, to wit: "Does the complaint state facts sufficient to constitute a cause of action?"

It will be observed that the plaintiff's name was not mentioned in the notice and no charges made against him, express or implied.

A demurrer is an admission of the facts alleged in a pleading, but a denial of the law arising on those facts. Blackstone. See, also, *Caldwell et al. v. Carroll et al.,* 139 S. C., 171, 137 S. E., 444; *Citizens' Bank v. Lynch,* 124 S. C., 498, 117 S. E., 715.

In *Oliveros v. Henderson,* 116 S. C., 77, Syl. 2, 106 S. E., 855, *held:* "Demurrers to a complaint admit facts alleged therein, but do not admit inferences drawn by plaintiffs from such facts, and it is for the Court to determine as to whether or not such inferences are justifiable."

A demurrer will not be sustained to a complaint even if it states a cause of action different from that to which the plaintiff supposes himself entitled. *Welborn v. Dixon,* 70 S. C., 112, 49 S. E., 232, 3 Ann. Cas., 407, and cases cited.

In *Simon v. Sabb,* 56 S. C., 38, 33 S. E., 799, it is held: Where a complaint states facts entitling plaintiff to some relief, it is not demurrable.

In *Bank of Johnston v. Jones et al.,* 141 S. C., 98, 139 S. E., 190, *held:* "A complaint, though it alleges contradictory matters, is not demurrable if it states a cause of action."

In *Ward & Co. v. Ford,* 58 S. C., 560, 36 S. E., 916, *held:* "A cause of action is stated when the facts alleged show

some right of plaintiff, and the invasion of that right by some delict or breach of duty by defendant."

In *Chalmers v. Glenn,* 18 S. C., 471, *held:* "It follows, therefore, that he must allege in his complaint all the facts showing his right, and also those showing its invasion by the defendant, and the facts thus alleged must in law upon their face, on the one side entitle him to the right which he claims, and on the other amount to an invasion by the defendant."

See, also, *Oliver v. Columbia N. & L. R. Co.,* 55 S. C., 546, 33 S. E., 586; *Heath v. Haile,* 45 S. C., 649, 24. S. E., 300.

Under the principles laid down in these cases, does the complaint state facts sufficient to constitute a cause of action? Cases more directly applicable to this case follow:

In *Mayrant v. Richardson,* 1 Nott & McC., 351, 9 Am. Des., 707, *held:* "No words are actionable unless they are false and malicious; but words may be both false and malicious, and not actionable. Thus to say of a young lady, that she is not handsome, might be both false and malicious, but it would not be actionable."

In *McGregor v. State Co.,* 114 S. C., 53, 103 S. E., 85, *held:* "The inference of hurt, arising out of a statement of facts in order to become actionable, must be such an inference as is established by the general consent of men, and the inference must be judged of by the Court in the first instance. Odger on Libel and Slander, p. 25; 17 R. C. L., 264."

In *Oliveros v. Henderson,* 116 S. C., 77, Syl. 4, 106 S. E., 855, *held:* "A 'libel *per se*' is one actionable on its face; a 'libel *per quod*' is one not actionable on its face, but which becomes so by reason of peculiar situation or occasion upon which the words are spoken or written."

In *Bell v. Clinton Oil Mill et al.,* 129 S. C., 242, Syl. 3, 124 S. E., 7, *held:* "The common-law rule was that, if an alleged defamatory statement was not on its face applicable

to plaintiff or was not actionable *per se,* complaint must show by what was termed the inducement extrinsic circumstances which, coupled with language used, affected construction and rendered it actionable."

In *Prickett v. W. U. Tel. Co.,* 134 S. C., 276, 132 S. E., 587, *held:* The words, " 'Party promised to pay and refused' * * * not libelous *per se,* and, in absence of allegation of special damage or extrinsic facts and circumstances which would render it libelous *per se,* complaint was insufficient to state a cause of action."

Applying the principles applicable to this case, announced in the foregoing cases, it is evident that the words objected to in the notice are not libelous *per se,* and there are no allegations in the complaint, of special damages, and no extrinsic circumstances alleged which make the words in the notice libelous; hence, no cause of action is stated by the plaintiff against the defendant in the complaint.

Therefore, it is ordered that the judgment of the lower Court be affirmed.

Messrs. Justices Cothran and Blease concur.

Mr. Justice Stabler did not participate.

Mr. Justice Carter (dissenting) : Being unable to concur in the conclusion reached in the leading opinion of the Court in this case, I most respectfully dissent, and shall in a brief way state my reasons therefor.

The action by the plaintiff, Maynard R. Spigner, was commenced in the County Court of Richland County to recover damages against the defendant, Provident Life & Accident Insurance Company, for an alleged libel. The defendant demurred to the complaint upon the ground that the same did not state facts sufficient to constitute a cause of action. The matter was heard by Hon. M. S. Whaley, County Judge, who after due consideration issued an order sustaining the demurrer and dismissing the complaint. From

the order issued by his Honor, Judge Whaley, the plaintiff has appealed to this Court, upon exceptions which will be reported with the case.

By reference to the complaint, it will be observed that the plaintiff had been employed by the defendant for four or five years as its general agent in South Carolina in conducting its insurance business, and on the 26th day of May, 1926, the defendant, through the plaintiff, as its general agent, issued to Simpson J. Zimmerman, a policy of health and accident insurance, and delivered the same to Mr. Zimmerman on the 3d day of June, 1926, at which time the premium was paid in full to the plaintiff as the general agent of the defendant; that on July 21, 1926, the defendant wrote to its general agent, the plaintiff herein, concerning the policy of insurance issued to Mr. Zimmerman, and asked that the premium be remitted to the company not later than the 30th day of July, and on July 28, 1926, the plaintiff wrote the defendant, Provident Life & Accident Insurance Company, the following letter, addressing the same to the proper officer in charge: "Your letter July 21st relative the above, I will have settlement in your office by the 15th of August to cover all policies mentioned in your letter except policy No. LIA4073700 LeGrand Guerry, which renewal receipt was mailed back to your office for cancellation in June. Trust this will be in order, I am."

It is reasonable to assume that the policies mentioned in this letter included the policy issued to Mr. Zimmerman, and that the plaintiff desired until the date he named, August 15th, to collect on a number of policies that he had issued for the company and remit to the company for them all at one time, August 15th, though he had already collected from Mr. Zimmerman. It seems to be a general practice and custom, of which the Court should take notice, that agents are allowed some time within which to remit to the insurance company the money they collect as premiums on the policies issued. Just how much time was usually allowed

the plaintiff by the defendant for remitting the money so collected is not specifically alleged, but the reasonable inference is that he was not required to remit immediately when collections were made. In this letter which the plaintiff wrote the insurance company, he stated he would make settlement by the 15th of August, and in closing his letter he used these words, "trusting this will be in order," by which he evidently meant that he hoped it would be satisfactory to make settlement by the date named, August 15th, and receiving no reply, he had the right to assume that it would be satisfactory to make settlement on that date, and there was an implied agreement on the part of the insurance company to give the plaintiff until that time to make remittance. In accordance with this understanding, the plaintiff, on the 14th day of August, 1926, sent the money to the insurance company in payment of the amount due the insurance company on premiums collected on policies issued, including the policy issued to Mr. Zimerman, and at the time wrote the insurance company as follows:

"Enclosed you will please find my check for $61.25 covering the net premiums on the following policies.

| | |
|---|---|
| LIA-4081944—Bennett | $10.00 |
| CBA-4087166—Covington | $12.50 |
| LIA-3081890—Neeley | $10.00 |
| GID-4087092—Zimmerman | $55.00 |
| | $87.50 |
| Comm. | $26.25 |
| Check | $61.25 |

I think the Court should take judicial notice of the fact that this letter should have been received by the insurance company August 15th. Notwithstanding this fact, according to the allegations of the complaint, which must be considered as true for the purpose of the demurrer:

"On August 16, 1926, the defendant circulated and published of and concerning the plaintiff herein to S. J. Zimmerman, the following false, willful, malicious, defamatory and libelous communication, to wit:

Termination Notice.                                    Commercial Dept.

The Provident Life and Accident Insurance Co., of Chattanooga, Tenn.
Established 1887.

| Policy Number. | Class. | R. I. Number. | Date Due. |
|---|---|---|---|
| 4087092 See Other Side | GIDAA Simpson J. Zimmerman Heathwood Columbia, S. C. | 5-26 | 1st day of May, 1926 |
|  |  | $55.00 | Premium |

"Issued in your name was terminated as of Twelve o'clock noon Standard Time at your place of residence as of date due on account of Nonpayment of premium."

For the purpose of considering the demurrer, it is reasonable to assume that, at the time this notice was sent out to the insured, Mr. Zimmerman, notifying him that his policy had been canceled because of nonpayment of premium, the insurance company knew that the plaintiff had collected from Mr. Zimmerman and the premium on the policy issued to Mr. Zimmerman, and also knew that, by its acts, it had agreed to allow the plaintiff until August 15th to make settlement for same, and, furthermore, it must be assumed, for the purposes of demurrer, that the insurance company had in hand the remittance from the plaintiff for the premium on the Zimmerman policy at the time the notice to Mr. Zimmerman was sent out, notifying Mr. Zimmerman that his policy was cancelled for nonpayment of premium. Also, when the insurance company, acting through its officers and employes, sent this notice to Mr. Zimmerman, such officers and employes must have known that the most reasonable construction to be placed upon such act by Mr.

Zimmerman was that he would think the plaintiff had appropriated to his own use the money for the insurance premium with fraudulent intent to deprive the insurance company of the same; that is, the plaintiff had committed a breach of trust with fraudulent intent. Such conclusion, according to my view, is a reasonable inference to be drawn. In this connection I call attention to the following allegations set forth in plaintiff's complaint:

"That by the circulation and publication of the above the defendant meant to charge and did charge the plaintiff by innuendo and otherwise with having violated the criminal laws of South Carolina, in that the said false and libelous communication charged the plaintiff with having collected the premium of Fifty-five dollars on said policy, and had failed to remit same to the defendant, and had willfully and unlawfully appropriated and embezzled same, to his own personal use and benefit, with a criminal intent, and the said communication aforesaid, by innuendo and otherwise meant to charge and did thereby charge the plaintiff with embezzlement, breach of trust, and willful appropriation of money, with a criminal intent, and the defendant meant to charge the plaintiff with being a moral derelict and guilty of moral and legal turpitude, and did reflect on the character, integrity and business, profession and occupation of the plaintiff and brought him into ill-repute and did humiliate and embarrass him, and expose him to public hatred, scorn and contempt in that the said language above set forth, by innuendo and otherwise meant to charge and did charge the plaintiff with fraud and deceit, with cheating and swindling, and did impute a dishonest an fraudulent motive to him, and did disgrace and degrade him, and subjected him to loss of public confidence and esteem in which he was held in his business, and personal reputation, and occupation as an insurance man and business man, and also in his professional calling as such, and did impugn his damage, Three Thousand Dollars."

Bearing in mind the well-recognized rule, that in considering a demurrer the allegations must be construed most favorable for the plaintiff, I think the complaint states facts sufficient to constitute a cause of action, and that his Honor, Judge Whaley, was in error in sustaining the demurrer. While it is true that the language complained of does not constitute a libel *per se,* and is not actionable on its face, the language, in my opinion, becomes actionable by reason of the situation and surrounding facts and circumstances at the time the language was written. If such a state of facts were proven on the trial of the case, I think a jury would be warranted in reaching the conclusion that the notice in question was sent out to Mr. Zimmerman, not only with a total lack of regard for the feeling and rights of the plaintiff, but the jury might reasonably infer that the act complained of was done with malice. If the insurance company had desired to manifest a proper consideration for the plaintiff, the company would have communicated with the plaintiff regarding the cancellation of Mr. Zimmerman's policy before canceling the same and before writing the letter in question to Mr. Zimmerman.

Following the recognized rule, that for the purposes of the demurrer the allegations of the complaint must be assumed to be true, receive a liberal construction, and viewed in the most favorable light in the interest of the plaintiff, it is my opinion that the complaint alleged a cause of action for damages against the defendant, and that the demurrer should have been overruled, or, at least, the plaintiff should have been allowed to amend the complaint in such particulars as he may be entitled and to allege special damages.

For these reasons, I most respectfully dissent from the conclusion reached in the leading opinion, and think that the order of his Honor, Judge Whaley, should be reversed.