## SHEPPARD v. GREEN.

1. CREDITOR'S BILL.—PARTIES—CAUSE OF ACTION.—A creditor's bill brought to marshal the assets of a decedent and to set aside voluntary conveyances of the debtor in his lifetime as a fraud upon creditors, does not contain more than one cause of action; and the personal representative of the deceased, voluntary grantees, and persons holding liens executed by them are necessary parties.

2. IBID.—NULLA BONA.—Is it necessary for creditors to have a *nulla bona* return, to commence an action to set aside voluntary conveyances by a decedent in his lifetime?

Before BENET, J., Greenville, July 6, 1896.    Affirmed.

Action by the heirs of Hepsebah Sheppard against the executors and grantees of Wm. P. Vaughan, and parties holding liens executed by said grantees, by the following complaint:

The plaintiffs above named, complaining on behalf of themselves and all other creditors of said William P. Vaughan, deceased, who shall in due time come into and seek relief by this action and contribute to the expenses thereof, respectfully show to the Court:

I. That David Vaughan, late of the county and State aforesaid, departed this life on the      day of      , 1852, leaving of force his last will and testament, which was duly admitted to probate by the ordinary of said county (then Greenville District), on the 4th day of May, 1852, and said will is now on file in the office of the probate judge of said county, of which will a copy is hereto annexed, marked "Exhibit A," and made a part of this complaint.

II. That by item 6 of said will said David Vaughan gave and bequeathed to said William P. Vaughan an equal share of his estate in final settlement, in trust for Hepsebah Sheppard, a daughter of said David Vaughan, during her natural life, and after her death, if any remains, the same to be sold and equally divided among the heirs of her body.

III. That by item 8 of said will said David Vaughan de-

vised and bequeathed certain real and personal property to his wife, Mary Vaughan, for and during her natural life, and at her death the same to be sold and divided among the children of said David Vaughan, share and share alike, as mentioned in the preceding parts of said will; that is, the share of said Hepsebah Sheppard should be held by said Wm. P. Vaughan in trust for her during her life, and at her death to be divided among the heirs of her body, as provided in item 6 of said will in reference to the share which was to be paid to said trustee for her in final settlement.

IV. That at the death of said David Vaughan he left six children surviving, making the share of each one in the final settlement of his estate one-sixth thereof.

V. That said Wm. P. Vaughan was nominated and appointed by said David Vaughan in said will as one of the executors thereof; and said ordinary duly granted and issued to him letters testamentary, authorizing him to act as executor thereof, and he thereupon duly qualified, and entered upon the discharge of his duties as such executor, the other executor and the executrix named in said will failing to qualify.

VI. That on the 6th day of February, 1855, said William P. Vaughan, as such executor, filed his final return, showing a balance in favor of said estate of $5,045.62 in money, exclusive of the specific legacies and devises given in said will; and the share which said William P. Vaughan was entitled to in final settlement as trustee for said Hepsebah Sheppard being $874.27, and said William P. Vaughan assented to said legacy and accepted said trust, and received said $874.27 as such trustee, on the 6th day of February, 1855.

VII. That on the      day of          , 1870, said Mary Vaughan, wife of said David Vaughan, departed this life, and said William P. Vaughan, shortly thereafter, as executor aforesaid, sold the land and personal property which had been left her for life by said will of said David Vaughan, as aforesaid, except the slaves, which had been emanci-

pated; and said William P. Vaughan, on the 4th day of January, 1871, filed his final return in reference to said property, showing a balance in his hands of $1,762.72, after deducting all charges and expenditures, and subsequently thereto he filed a supplemental final return, showing a further balance in his hands of $74.88, the share which said William P. Vaughan was entitled to in said amounts, as trustee for said Hepsebah Sheppard, being $306.26; and said William P. Vaughan received the same as trustee for said Hepsebah Sheppard as aforesaid, he receiving $293.78 thereof, on the 4th day of January, 1871, and the remainder thereof 26th day of February, 1875.

VIII. That said William P. Vaughan paid to said Hepsebah Sheppard, as such trustee, $40.50 per annum on the interest on the moneys received by him as her trustee as aforesaid, and said sum being paid to her by him annually until the month of February, 1893, the last annual payment of said sum of $40.50 being made by him to her at that time.

IX. That said Hepsebah Sheppard departed this life on the    day of November, 1894; and the the plaintiffs are the heirs of her body, the plaintiffs, Isaiah Collins and Mary Collins, being lawful children of Milly Collins, deceased, who was a lawful daughter of said Hepsebah Sheppard, and the other children being lawful children of said Hepsebah Sheppard; and the plaintiffs are now entitled to said moneys, amounting in the whole to $1,180.52, with lawful interest thereon from the time said W. P. Vaughan received the same, after deducting the annual payments of interest made by said W. P. Vaughan as aforesaid, to wit: $40.50 per annum, and no part thereof has been paid to them.

X. That William P. Vaughan, on the 13th day of June, 1894, departed this life, leaving of force his last will and testament, which was duly admitted to probate by the probate judge of said county, on the 16th day of June, 1894; and the defendants, James D. Green and George W. Bramlett, were nominated and appointed in said will as executors

thereof, and on said 16th day of June, said probate judge granted and issued to them letters testamentary, thereby authorizing them to act as executors thereof; and they immediately thereafter duly qualified and entered upon the discharge of their duties as such executors.

XI. That said William P. Vaughan owned no real estate at the time of his death, and his personal estate at said time was very small, being very little more than sufficient to pay funeral expenses and the expense of administration, and being entirely insufficient to pay said claims of the plaintiffs, and he died owing many other debts.

XII. That on the 22d day of March, 1882, said William P. Vaughan, without any valuable consideration, executed and delivered to his two grand-daughters, the defendants, Flora T. Green and Emily Green (they being at that time Flora T. and Emily Montgomery), and his wife, Emily Vaughan, a deed whereby he conveyed to said Emily Vaughan for life, and to said Flora T. Green and Emily Green, in fee simple in remainder, the following lands and tenements, to wit: All that piece, parcel, and tract of land, situate in the county and State aforesaid, containing 400 acres, more or less, and bounded by lands of Garrison Sheppard, A. B. Montgomery, Elizabeth Walker, and others, and being known as the home place of said W. P. Vaughan, deceased; also, all that piece and parcel of land, situate in the State and county aforesaid, containing 125 acres, more or less, and bounded by lands of Thomas Howell, Joel Rector, Green Smith, Henry Stroud, and others; and said Emily Vaughan is now dead.

XIII. That on the 2d day of February, 1872, said William P. Vaughan, without valuable consideration, executed and delivered to the defendant, A. B. Montgomery, and his wife, Invary Montgomery, who was a daughter of said William P. Vaughan, a deed whereby he conveyed to them and their heirs and assigns forever, all that piece, parcel, and tract of land, situate in the county and State aforesaid, containing 407 acres, more or less, lying on Peter's Creek,

and known as the David Vaughan place; which deed is recorded in the office of the register of mesne conveyance for said county, in vol. AAA, page 471, to which reference is hereby made for a more particular description of said tract of land, said tract of land being the place on which said A. B. Montgomery now resides; and said Invary Montgomery died subsequently to the execution and delivery of said deed, and the entire interest in said tract of land vested in said A. B. Montgomery upon her death.

XIV. That said William P. Vaughan executed and delivered the voluntary deeds of conveyance aforesaid, with intent to hinder, delay, and defraud his creditors, and especially the plaintiffs, of their aforesaid claim.

XV. That on the 21st day of September, 1892, said A. B. Montgomery, without valuable consideration, executed and delivered to the defendant, Sarah E. Montgomery, his deed, and thereby conveyed to her in fee simple the tract of land last above described as having been conveyed to said A. B. Montgomery and Invary Montgomery by said William P. Vaughan.

XVI. That the defendants, L. T. Wood, the Piedmont Savings and Investment Company, a corporation under the laws of this State, and the National Bank of Greenville, a corporation under the laws of the United States, each claim a lien on the tract of land hereinbefore described as having been conveyed by said A. B. Montgomery to said Sarah E. Montgomery.

The following is the Circuit decree:

James D. Green and George W. Bramlett (executors of W. P. Vaughan, deceased), defendants herein, and Flora T. Green and Emily Green, also defendants, move the Court for an order requiring that the complaint be made more definite and certain, or for an order requiring the plaintiffs to elect which cause of action shall be retained and which allegations shall be stricken out as surplusage. Sufficient reason has not been shown for granting either order. The

complaint is in the nature of a creditor's bill; it seeks to marshal the assets of Vaughan, deceased; it seeks also to set aside certain voluntary conveyances alleged to have been executed by the said Vaughan with intent to defraud his creditors. His executors are made parties, as also are the grantees of said deeds. In my view of the case, there is but one cause of action stated in the complaint, and stated with sufficient definiteness and certainty. Perhaps the only apparently vulnerable point in the complaint is the demand made for a judgment in general terms, without specifying against whom it should be given. But the complaint clearly shows that such judgment must necessarily be given, if given at all, against the executors of Vaughan.

It is, therefore, ordered and adjudged, that the motions be, and the same are hereby, overruled.

From this decree the defendants, Emily Green, Flora T. Green, and James D. Green and George W. Bramlett, as executors of the last will and testament of William P. Vaughan, appeal to this Court on the following grounds:

I. That his Honor, the Circuit Judge, erred in holding that "sufficient reason has not been shown for granting either order;" and he should have held that the allegations of the complaint are so "mixed" and the causes of action so confused, that the plaintiffs should be required to make them more definite before the defendants should be required to answer.

II. That his Honor, the Circuit Judge, erred in holding that "there is but one cause of action stated in the complaint, and stated with sufficient definiteness and certainty;" it appearing upon the face of the complaint that there are parts of several causes of action "mixed" together in the complaint, without "definiteness" or "certainty."

III. That the complaint unites and commingles some five or parts of five causes of action, and is so drawn that the defendants cannot either answer or demur intelligently, and, therefore, the motion should have been granted.

. IV. That his Honor, the Circuit Judge, erred in not requiring the plaintiffs to make the complaint more definite and certain, or requiring them to elect which cause of action shall be retained, and that all the others, after said election, be stricken out.

*Messrs. B. A. Morgan* and *Perry & Heyward,* for appellant, cite: 34 S. C., 270; 13 S. C., 326; 26 S. C., 72 and 359; Code, 188.

*Messrs. Shuman & Dean,* and *Cothran, Wells, Ansell & Cothran,* contra, cite: 13 S. C., 325; 1 S. C., 269; 14 Rich. Eq., 26; 5 Rich. Eq., 1; 1 S. C., 94; 13 S. C., 441; 27 S. C., 318; 2 McCord Ch., 410; 10 Rich. Eq., 338; 11 S. C., 545; Code, 188; 32 S. C., 359; 14 How., 29; 27 S. C., 340.

Jan. 6, 1897.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.   The plaintiffs, claiming to be creditors of the testator, Wm. P. Vaughan, deceased, bring this action on behalf of themselves and all other creditors of the said Wm. P. Vaughan, deceased, who shall in due time come in and seek relief by this action and contribute to the expenses thereof for the purposes of establishing their demands against the estate of the said Wm. P. Vaughan, and obtaining payment thereof out of the assets of his estate, as far as they may go, which went into the hands of his executors, and which are alleged to be wholly insufficient for that purpose, and also to subject certain real estate, which, it is alleged, had been voluntarily conveyed away by the said Vaughan, with intent to hinder, delay, and defraud his creditors, especially the plaintiffs herein.   The executors of said Vaughan are made parties defendant, and an account of the assets which went into their hands is demanded of them, as are also the several persons holding the lands under the alleged voluntary and fraudulent conveyances, as well as certain other persons and corporations claiming to hold encumbrances on said lands created by the alleged fraudulent grantees thereof.

The complaint is too long for insertion here, but, for a full understanding of the points raised by this appeal, a copy of the complaint should be embraced in the report of this case. It is sufficient to say here, that the complaint, after setting forth fully and particularly how the estate of the testator became liable, under the trusts created by the will of one David Vaughan, to the claims of the plaintiffs as the present beneficiaries of such trust, and after alleging that the testator owned no real estate at the time of his death, and that his personal estate was wholly insufficient to pay the claims of the plaintiffs, proceeds to allege that the said testator, during his lifetime, with intent to hinder, delay, and defraud his creditors, especially these plaintiffs, made voluntary conveyances of all of his real estate to some of the defendants herein, and that others of the defendants claim portions of the said real estate under voluntary conveyances from such voluntary grantees; while others of the defendants claim to hold liens on portions of the said real estate created by the voluntary grantees, and demand: 1st. That the plaintiffs may have judgment for the amount due them under the trusts of the will of said David Vaughan. 2d. That the creditors of said Wm. P. Vaughan be called in to establish their demands. 3d. That the executors of said Vaughan account for the assets of his estate. 4th. That the voluntary conveyances hereinabove referred to be declared null and void, and that said lands be sold and the proceeds be applied, first, to the payment of the costs of this case; second, to the payment of a reasonable fee to the attorneys for plaintiffs herein; and, third, to the payment of the claims of the plaintiffs, and such other claims as may be established herein; any balance that may be found in the hands of the executors being first applied thereto.

Within due time after the service of the complaint, certain of the defendants named in the title of this case as appellants, moved before his Honor, Judge Benet, for an order requiring the plaintiff "to make the complaint herein more definite and certain by arranging separately the various

causes of action included therein, or requiring the plaintiff, if the Court should think more proper, to elect which of the various causes of action set out in the complaint shall be retained, and striking out all allegations in the complaint pertaining to such causes of action as the plaintiff may not elect to retain."

These motions were heard by Judge Benet, who rendered a decree on the 6th July, 1896 (a copy of which should be incorporated in the report of the case), dismissing the motions, and from this decree the moving parties have appealed upon the grounds set out in the record, a copy of which should likewise be inserted in the report of the case.

We agree entirely with the Circuit Judge in the conclusion which he has reached. The action is manifestly in the nature of a creditor's bill, and its single object is to have the assets of the estate of the testator, Wm. P. Vaughan, marshalled and applied to the payment of his debts, and we do not see wherein the allegations of the complaint are either indefinite or uncertain. There is but a single cause of action stated in the complaint, and all the other matters therein stated are merely incidents of that single cause. To borrow the phraseology of Mr. Pomeroy, the primary right, which the plaintiffs are seeking to enforce, is the right to have the assets of the estate of their alleged debtor applied to the payment of their claim, and the breach of this primary right in the modes stated in the complaint is the delict complained of. These two things, says Mr. Pomeroy, in his work on Remedies, according to the Code pleading, at page 487, sec. 453, constitute the cause of action. If the plaintiffs have a valid claim against the estate of the testator, Vaughan, there can be no doubt that they are entitled to the aid of the Court in subjecting the assets of such estate to the payment of their debt; and if any such assets have improperly or fraudulently gone into the hands of third persons, they may, in the same action, be brought back, and subjected to the payment of the debts of the testator, and this is practically the scope and object of

this action.   To such an action the personal representatives of the alleged debtor are not only proper but necessary parties, and so, also, are those in whose hands any of the assets of the debtor, necessary for the payment of his debts, have improperly or fraudulently gone, as well as those who may have acquired, or may claim to have acquired, any liens upon such assets.   So that the Court of Equity, having all parties in interest before it, may do complete justice and avoid multiplicity of actions.   As is said in *Williams* v. *Neal*, 10 Rich. Eq., 339, quoting with approval from Story Eq. Pl.: "The principle is very well settled, that 'where the interest of the plaintiffs are the same, although the defendants may not have a coextensive common interest, but their interest may be derived under different instruments, if the general objects of the bill will be promoted by their being united in a single suit, the Court will not hesitate to sustain the bill against all of them.'"   And Dunkin, Ch., in delivering the opinion of the Court, proceeds to say: "In addition to these general reasons, it may be added, that it is a favorite object of equity jurisdiction to do complete justice and prevent a variety of litigation. If the allegations of the plaintiffs should be successfully maintained in administering the proper relief, the Court may deem it necessary to have the several donees before them, in order to adjust the equities which may arise among themselves."   See also what is said by the same chancellor to the same effect in *Barkley* v. *Barkley*, 14 Rich. Eq., 25, as well as *Edwards* v. *Sartor*, 1 S. C., 270, where the foregoing cases are recognized and followed.   See, also, *Ragsdale* v. *Holmes*, 1 S. C., 91, and *Barrett* v. *Watts*, 13 S. C., 441.   See what was said in *State* v. *Foot*, 27 S. C., at page 347, especially the quotation from Pomeroy.   Indeed, as was said by Dunkin, Ch., in one of the quotations above made from *Williams* v. *Neal*, there is not only no objection to uniting in the same action a demand to set aside two or more voluntary conveyances to different persons for distinct and separate parcels of land in a case like this, but

it is actually desirable that it should be done, so that the Court, having all the parties in interest before it in the same action, may render a decree which will do full and complete justice to all the parties concerned, by adjusting the equities amongst the several grantees holding different parcels of land under distinct voluntary conveyances, and not throwing the whole burden upon one of such grantees.

It has been intimated in the argument here that the complaint is open to the objection that there is no allegation that the plaintiffs have recovered judgment on their claim and issued execution which has been returned *nulla bona,* but we do not see how such an objection can be raised under this appeal; and it may be added, that it is questionable, to say the least of it, whether such an objection would be tenable if raised in any form, under the cases of *Ragsdale* v. *Holmes, supra; Shell* v. *Boyd,* 32 S. C., 359; and *Miller* v. *Hughes,* 33 S. C., 530.

So, also, as to the apparent objection to the complaint pointed out by the Circuit Judge, which, however, is more apparent than real; for, as he well says, the complaint clearly shows that the judgment there demanded must necessarily be given, if given at all, against the executors of Vaughan. Besides, this apparent defect appears only in the prayer for relief, and it is well settled that the plaintiffs may obtain any relief appropriate to the case made by the pleadings and evidence, without regard to the form of the prayer for relief.

The judgment of this Court is, that the order appealed from be affirmed.