15375

STRICKLAND v. CHAPLIN *ET AL.*

(18 S. E. (2d), 736)

204

May 1941.

*Messrs. Martin & Sturkie,* with *Mr. George Bell Timmerman,* of counsel, all of Lexington, for appellant,

*Messrs. Efird & Carrol,* of Lexington, and *Messrs. Perrin & Tinsley,* of Spartanburg, for respondents,

February 16, 1942.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES.

I think that under our Code and previous decisions this action, although it be deemed mainly to marshal the assets of the decedent, could not be prosecuted against the administrators within the administration year. Section 418, Code of 1932, originally an Act of 1789. The pertinent decisions can be found in 15 West's S. C. and S. E. Digest, Executors and Administrators, Key 437, Page 814 *et seq.*

Furthermore, the appellant in her brief twice says that she is not proceeding against assets in the hands of the administrators, so her conception is not accurate that her action is one to marshal assets for surely such an action would have to include property of the estate in the hands of the personal representatives.

It does not appear in the reports of *Sheppard v. Green* or *Temple v. Montgomery,* cited in dissenting opinion, that either of these actions was commenced in violation of the time bar of the Act of 1789, which seems inescapably true of the case in hand.

However, pending this action and appeal the question has become a moot one for during such the bar of the Statute has expired by lapse of time. The situation is as was in the case of *O'Daniel v. Lehre et al.,* 1848, 2 Strob. Eq., 83, in which it was said with great clarity:

"Where an executor is sued before the time allowed for ascertaining the debts of the estate, and objects to the prematurity of the suit, his defence is in the nature of a dilatory plea; and the long established practice in this Court is, not to dismiss the bill, but to order the plaintiff to pay the costs, and that the bill stand over. At the expiration of the time allowed to the defendant, the Court proceeds to the hearing.

"There may be cases, but this is not one of them, when the bill may be entertained, even before the time usually limited; as when it is filed to preserve the estate from imminent danger of loss.

"We are of opinion that the decree in this case should have been that the plaintiff pay the costs of the bill; and that the cause stand over; and it is so ordered.

"The cause is also remanded to the Circuit Court. The year allowed to executors having now expired, the Court, when the cause comes again before it, may proceed to order the vesting of a sum sufficient to secure the plaintiff's annuity, or whatever may appear proper under the pleadings."

This logical decision seems to have been overlooked in the consideration of subsequent similar cases and no citation is found of it except at page 911 of the annotation upon the subject in 104 A. L. R., beginning at page 892. It seems to me a proper and worthy precedent which should be followed. Hence, I think that in this case the order sustaining the demurrer should be reversed and the case remanded to the Circuit Court for further proceedings, but with costs and disbursements to this time to the defendants, the respondents.

The foregoing, first written as a dissent, having been concurred in by a majority, is the judgment of the Court.

MR. CHIEF JUSTICE BONHAM and MR. ACTING ASSOCIATE JUSTICE G. DUNCAN BELLINGER concur.

MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE dissent.

MR. ASSOCIATE JUSTICE BAKER (dissenting) :

The appellant, an alleged creditor of the estate of Mrs. J. Fuller Lyon, otherwise known as Mrs. Jo Lyon, who died intestate in June, 1940, commenced her action in the Court of Common Pleas for Lexington County on August 12, 1940, against the heirs at law of Mrs. Jo Lyon, three of them having qualified as administrators of her estate, and six of them being grantees of real property conveyed by the intestate, allegedly without consideration, and while indebted to appellant. The three heirs at law who qualified as administrators were made parties-defendants, both in their individual and official capacity.

The complaint, when liberally construed, alleges that appellant is a creditor of the estate of Mrs. Jo Lyon; that the intestate left insufficient personal assets to pay her debts; that the intestate had conveyed practically all of her real property to certain of the respondents while indebted to appellant; that the alienation of her real property was voluntary, without consideration, and left her estate insolvent, and that in making said conveyances it was with the intent to and did hinder, delay and defraud her creditors, and especially appellant, and was a fraud on her creditors, and appellant

as a creditor; and that therefore the deeds should be set aside, and the assets of the estate marshaled.

The prayer of the complaint is: (1) for judgment against the administrators of the estate in a definite sum, (2) for the setting aside of the conveyances and sale of the lands conveyed, and (3) for the payment of appellant's claim and of other creditors from the proceeds of the sale, after the payment of costs and expenses, and (4) for such other and further relief as to the Court may seem equitable and just. Parenthetically, it may be stated that the prayer of a complaint is no part thereof.

The defendants (respondents) filed various demurrers to the complaint, but the only demurrer considered by the Circuit Court was an amended demurrer, and the only ground of same which was passed upon was sub-division (a) of No. 2, reading as follows: "It is an action for the recovery of a debt of an intestate, and is prematurely brought, being within the twelve months."

In passing upon this ground of the demurrer, the learned Circuit Judge quoted from Section 8993 of the Code of 1932, providing that: "Every executor or administrator shall * * * be allowed twelve months to ascertain the debts due from the deceased, * * *." And from Section 418 of the same Code, "No action shall be commenced against any executor or administrator for the recovery of the debts due by the testator or intestate, until twelve months after such testator's or intestate's death." The order, after stating, among other things, that "this action appears to me to be one primarly for the recovery of a debt," dismissed the complaint on the ground that it was an action for debt, brought prematurely.

The appellant, while admitting that the complaint is inartistically drawn, takes the position that it primarily states a cause of action for the marshaling of assets and that the issues raised by the exceptions can be disposed of under the all-inclusive issue: "Is this a creditor's suit to marshal the

assets of the decedent and, incidentally, to set aside fraudulent conveyances and sell real property in aid of deficient personalty?"

It is significant that the demurrer of the respondents, Annie Lee Langford, individually and as administrator of the estate of Mrs. J. Fuller Lyon, deceased, Jo Langford, Susan L. Tillinghast, Rebie L. Tinsley and Pickens L. Langford, in Paragraph 3 alleges: "That the Complaint states three causes of action, viz.: (1) a money demand against the estate of Mrs. Jo Lyon, (2) a nullification and setting aside of deeds made to parties other than these Defendants, and (3) for a marshalling of assets of said estate * * *."

In *Simon v. Sabb,* 56 S. C., 38; 33 S. E., 799, it is held: Where a complaint states facts entitling plaintiff to some relief, it is not demurrable.

"A cause of action is stated when the facts alleged show some right of plaintiff, and the invasion of that right by some delict or breach of duty by defendant." *Ward & Co. v. Ford,* 58 S. C., 557, 560; 36 S. E., 916.

"A demurrer is an admission of the facts alleged in a pleading, but a denial of the law arising on those facts." *Spigner v. Provident Life & Accident Insurance Co.,* 148 S. C., 249; 146 S. E., 8, 9.

Where one has a cause of action but no adequate remedy at law, a Court of Equity will supply the deficiency or a remedy. In the case under consideration, and for the purpose of demurrer, it must be taken as an admitted fact: (1) That the estate of Mrs. Jo Lyon is indebted to appellant. (2) That the personal property and real property remaining in the name of the decedent are inadequate to pay the debts of the estate. (3) That the real property which the decedent conveyed was conveyed without consideration, and was therefore subject to the payment of decedent's debts under the principal of law that one must be just before generous.

If a creditor has to wait twelve months before commencing an action to establish a claim, the hope of realizing on

such claim may vanish by the conveyance to innocent third parties, not only of the land fraudulently conveyed, but by the heirs at law and devisee or devisees of the decedent conveying the real property of which the debtor died seized and possessed. See Act No. 950 of 1934, 38 Statutes at Large, page 1600. Hence, a creditor may commence his action in a Court of Equity to impound and marshal assets irrespective of the fact that twelve months has not expired following the death of the debtor.

As stated by appellant in his brief, this action is quite similar to the case of *Sheppard v. Green,* 48 S. C., 165; 26 S. E., 224, 227. In the *Sheppard case* there were allegations that the plaintiff was a creditor of the decedent; that decedent left a personal estate insufficient to pay creditors; and that he had voluntarily conveyed his real estate to certain defendants, without consideration, and with the intent to hinder, delay and defraud his creditors. The case at Bar is essentially the same. In *Sheppard v. Green,* the Court held that the action was "manifestly in the nature of a creditors' bill," and that its single object was "to have the assets of the estate of the testator  *  *  *  marshalled, and applied to the payment of his debts"; and further that "there is but a single cause of action stated in the complaint, and all other matters therein stated are merely incidents of that single cause."

Quoting from the opinion in *Sheppard v. Green, supra,* at pages 173, 174 of 48 S. C., at page 227 of 26 S. E.:

"  *  *  *  If the plaintiffs have a valid claim against the estate of the testator, Vaughan, there can be no doubt that they are entitled to the aid of the Court in subjecting the assets of such estate to the payment of their debt; and, if any such assets have improperly or fraudulently gone into the hands of third persons, they may, in the same action, be brought back, and subjected to the payments of the debts of the testator, and this is practically the scope and object of this action. To such an action the personal representatives of the alleged debtor are not only proper, but neces-

sary, parties, and so, also, are those in whose hands any of the assets of the debtor necessary for the payment of his debts, have improperly or fraudulently gone, as well as those who may have acquired, or may claim to have acquired, any liens upon such assets; so that the Court of equity, having all parties in interest before it, may do complete justice, and avoid multiplicity of actions. * * *"

In *Temple v. Montgomery,* 157 S. C., 85; 153 S. E., 640, 642, which was an action in the nature of a creditor's bill and included an attack on voluntary deeds of conveyance, without consideration, the Court through Mr. Justice Blease as its organ, reviewed and reconciled the older cases, and stated in part as follows:

"While the complaint was not as full and clear as perhaps it should have been, we are inclined to concur in the view of the circuit judge that the action was one in the nature of a creditors' suit to marshal the assets of a deceased debtor and to require the executrix to account for the estate in her hands. And the action may be regarded as one to subject and sell real estate in aid of personalty for the payment of the debts of a decedent, and that action is close akin to a suit to marshal assets of a deceased debtor. In *Ragsdale v. Holmes,* 1 S. C., 91, it was held that specialty and simple contract creditors of a decedent need not exhaust their remedies at law before exhibiting a creditors' bill in equity against the executor of a decedent for an accounting of assets, payment of debts, etc. And it has been decided that the Court, on the petition of a creditor, as well as on the petition of the administrator, may order a sale of land in aid of assets. *Scruggs v. Foot,* 19 S. C., 274. See also *State v. Foot,* 27 S. C., 340, 3 S. E., 546, and 24 C. J., 558. In the complaint in the case at bar, it was distinctly alleged that the personal property of the decedent was insufficient to discharge the debts against her estate, so the complaint looked to relief by the way of sale of realty in aid of personalty to pay debts.

"The complaint here lacked, it is quite true, some of the matters usually alleged in a complaint in an action by creditors to marshal assets. It was not as full as the complaint in *Sheppard v. Green,* 48 S. C., 165; 26 S. C., 224, 227, but, as in that case, the main object of the suit was to have the assets of the testatrix marshaled and applied to the payment of her debts.    *    *    * "

In the next sentence, there was quoted from *Sheppard v. Green,* a goodly portion of that which we have hereinbefore set out of said opinion. And later in the opinion, it is stated: "An action to marshal the assets of a deceased person and to subject real estate to the payment of the lawful debts of such person is, of course, properly cognizable in a court of equity; and the purpose of this action, as gathered from all the pleadings, was to accomplish those things."

Construing the complaint liberally, we think it sufficiently stated a cause of action for the marshaling of assets, and while necessarily it had as its final goal the collection of any debt that may be established, this of course is the purpose of all actions for the marshaling of assets.

In the opinion of Mr. Justice Stukes, written after the foregoing was written, he cites and quotes from the case of *O'Daniel v. Lehre,* 2 Strob. Eq., 83, 85. The second paragraph quoted is apposite to the facts of the instant case, and supports the very principle the writer had in mind in the preparation of this opinion.

The order appealed from should be overruled, and the case remanded to the Circuit Court for further proceedings on the cause of action stated.

Mr. Associate Justice Fishburne concurs.