18425

Michael Neal BRAUN, a minor under the age of fourteen (14) years, by his Guardian ad Litem, E. N. Braun, Respondent, v. the City of AIKEN and Joseph Valentine, Appellants.

(145 S. E. (2d) 423)

*Henry Busbee, Esq., of Aiken, for Appellant,* ▮

*Messrs. Williams & Johnson,* of Aiken, *for Respondent,*

November 29, 1965.

TAYLOR, Chief Justice.

This is an appeal from an Order of the Court of Common Pleas for Aiken County, Honorable James Hugh McFaddin, Presiding Judge, dismissing an appeal.

An action was brought by the Respondent against the Appellants which resulted in a verdict for the Respondent. After verdict, the Appellants made motions for judgment notwithstanding the verdict, or, in the alternative for a new trial. The Presiding Judge noted the motions upon the minutes, heard them after the Term, and took the matter under advisement.

On March 2, 1965, the Presiding Judge issued an Order denying Appellants' motions, and mailed the original Order, with a letter of transmittal, to the Clerk of Court for Aiken County for filing. The letter stated that signed copies of the Order were being mailed to attorneys for both parties on the same day. The Clerk of Court received the letter of transmittal, together with the Order, on March 3, 1965, and it was filed on the day received. Attorneys for Respondent and Appellants received signed copies of the Order and letter of transmittal on March 3, 1965. Appellants received no other notice that the Order had been granted or rendered. However, they did receive a notice of motion to tax costs and enter judgment, said notice being served upon them by Respondent's attorney on March 19.

On March 25, 1965, Appellants served upon the attorneys for Respondent a notice of intention to appeal from the Order denying their motion for judgment n. o. v. and the alternative motion for a new trial. Respondent moved to dismiss the appeal on the ground that the notice came too late under Section 7-405, Code of Laws of South Carolina, 1962. The motion to dismiss was granted on April 24, and it is from the Order dismissing the appeal as being too late that this appeal is taken.

The question on this appeal, then, is whether the receipt on March 3 by the Appellants of the signed Order and letter of the Presiding Judge, dated March 2, commences the running of the time provided in Section 7-405, Code of Laws of South Carolina, 1962, which provides as follows:

"Notice of intent to appeal.—In every appeal to the Supreme Court from an order, decree, or judgment granted or rendered at chambers from which an appeal may be taken to the Supreme Court, the appellant or his attorney shall, within ten days after receiving written notice that the order has been granted or the decree or judgment rendered, give notice to the opposite party or his attorney of his intention to appeal; and in all other appeals to the Supreme Court,

the appellant or his attorney shall, within ten days after the rising of the circuit court, give like notice of his intention to appeal to the opposite party or his attorney; provided, that whenever a motion for a new trial upon the judge's minutes shall have been made and the decision thereon not be both heard and filed at the term at which the trial is had, then notice of intention to appeal either from the judgment or the order granting or refusing a new trial shall be given to the opposite party or his attorney within ten days after receipt of written notice that such order has been granted or rendered."

Appellants contend that in order to commence the running of the ten days within which they could give notice of their intention to appeal, the Order should have been filed and notice of its filing given by the prevailing party; further, that since no notice of the filing of the Order was given by the prevailing party, the time did not begin to run until service of the notice to enter up judgment on March 19.

Section 7-405 makes no mention of a requirement that written notice be given by the prevailing party and we know of no case which holds that written notice must come from the prevailing party in order to be effective, or that such is the only means by which the notice may be given. On the contrary, in *Thornton v. Atlantic C. L. Railroad Co.,* 196 S. C. 316, 13 S. E. (2d) 442, in discussing the provisions of what is now Section 7-405 of the Code, this Court recognized three different practices. There it was said:

"The usual practice in this respect appears to have been followed by [the trial Judge] when he forwarded the original order to the Clerk of Court with a letter directing that notice be given, although sometimes copies of orders are forwarded by the trial judge to counsel, and in other cases the order is forwarded to the attorney in whose favor it was rendered, with instructions to file and notify opposing counsel."

To require that written notice be received from prevailing counsel before the time begins to run would be to read into

the Statute something that is not there. Appellants received written notice of the Order on March 3. Their notice of intention to appeal was served after the expiration of the ten days provided in Section 7-405, Code of Laws of South Carolina, 1962. The appeal was, therefore, properly dismissed.

MOSS, LEWIS, BUSSEY AND BRAILSFORD, JJ., concur.