### 20465

South Carolina DEPARTMENT OF MENTAL HEALTH, Appellant-Respondent, v. Sally M. GLASS, as the Administratrix of the Estate of R. Q. Glass, Sr., Mary A. Glass, Sally M. Randall, R. Q. Glass, III, and Perry S. Luthi, Respondents-Appellants.

(236 S. E. (2d) 412)

*Daniel R. McLeod, Atty. Gen.,* and *Larry W. Propes,* of Columbia, *for Appellant-Respondent,*

*Edward R. Hamer,* of Greenville, *for Perry S. Luthi, Respondent-Appellant,*

July 13, 1977.

LEWIS, Chief Justice:

The South Carolina Department of Mental Health instituted this action to obtain reimbursement for expenses incurred in providing for the medical care, treatment, and maintenance of R. Q. Glass, Sr., while a patient in the State Mental Health Facility. The trial court held that the claim was barred by the statute of limitations. We disagree and reverse.

Glass was admitted as a patient on May 4, 1961, and remained there until his death on December 6, 1967. Sally M.

Glass was appointed administratrix of the estate on February 9, 1968, and the South Carolina Department of Mental Health timely filed its statutory claim pursuant to Section 32-1027, Code of Laws, 1962, against the estate on April 3, 1968. No action was taken until 1974 when the Department learned that certain real property possessed by Glass at his death was being purchased by Perry Luthi. On May 15, 1974, approximately six years and five months after the death of R. Q. Glass, the Department instituted this action. Perry Luthi moved to intervene and deposited the purchase price of the real estate with the court pending the outcome of this action.

On a motion for summary judgment by the Department, the parties stipulated the foregoing facts and presented one issue to the lower court for determination: did the statute of limitations bar the Department's action? The trial court, on December 11, 1974, held the statute of limitations was a bar and the order was forwarded to the clerk of court with instructions that all parties be notified.

There is no evidence that the Department received notice of the decision until May 12, 1976, when the Department telephoned opposing counsel inquiring as to the status of the case. Thereafter, the Department made a specific request for a copy of the order on May 12, 1976, and on May 24, 1976, seven days after receiving written notice of the filing of the order, the Department served its notice of intention to appeal.

Respondents assert that the appeal should be dismissed for failure to file within the statutory period on the grounds:

(1) Constructive notice, as the order was a public record for over a year.

(2) Actual notice by telephone on May 12, 1976.

Section 7-405, Code of Laws, 1962, requires notice of intention to appeal "within ten days after receiving written

notice that the order has been granted or the decree or judgment rendered" at chambers. See also Circuit Court Rule 49. This Court has heretofore considered a very similar argument:

The respondent asks the dismissal of the appeal on the ground that the notice of appeal was not given in due time. It appears that the judgment appealed from was filed in vacation, and that no notice, in writing, was given to the appellant of its entry. It is contended, however, that the appellant had actual knowledge of the judgment, having seen and read it in the office of the clerk. This was not ground sufficient to put the statute laws for appealing in currency in the case of a judgment entered in vacation. The object of the notice is to apprise the appellant that the respondent intends to insist on an appeal within the time fixed by law, and unless such notice is given the appellant is unrestricted as it regards the time within which an appeal may be taken. *Lake v. Moore,* 12 S. C. 563, 563-564 (1879). See also *Strickland v. Strickland,* 95 S. C. 492, 79 S. E. 520 (1913); *O'Neal v. Atlas Assurance Company of London, England,* 168 S. C. 174, 167 S. E. 227 (1933); *Braun v. City of Aiken,* 247 S. C. 18, 145 S. E. (2d) 423 (1965).

Notice of intention to appeal was made within ten days after receiving written notice of the judgment rendered at chambers and the motion to dismiss the appeal must, therefore, fail.

The remaining question is whether the lower court was in error in holding that the present action was barred by the statute of limitations.

The pertinent facts are admitted. The statute of limitations began to run against the claim of appellant on December 6, 1967, the date of decedent's death. Two months later, on February 9, 1968, an administratrix was appointed. Code Section 19-554 provides that "no action shall be commenced against any executor or administrator for the recovery of the debts due by the testator or intestate until six months

after such testator's or intestate's death . . ." This action was instituted on May 15, 1974, approximately six years and five months after the death of deceased on December 6, 1967. Therefore, if the six months administration period, during which no claim against the estate could be prosecuted, is excluded, appellant commenced its action within the six year statute of limitation period. If the six months administration is not excluded, then appellant commenced this action beyond six years from the date the limitation period began to run. The latter conclusion would simply mean that appellant was allowed five years and six months in which to prosecute its action instead of the statutory period of six years.

In an unbroken line of decisions, this Court has held that the period during which suit is prohibited against the administratrix by Code Section 19-554, must be added to the applicable statute of limitations in order to provide a creditor with the full statutory time in which to commence its action. *Oswald v. Lawton,* 187 S. C. 42, 196 S. E. 535.

In *Oswald,* decided in 1938, the trial judge charged the jury as follows: "This action was commenced on December 16, 1935, so six years behind that would be December 18, 1929; if that debt became due and owing six years prior to December 18, 1935, it would be barred by the statute of limitations." On appeal, it was pointed out that there was nothing to warrant the suggestion by the lower court that the debt became due and payable on December 18, 1929 and that the only testimony was to the effect that it was not due until 1935. The court then stated:

However, if his honor was correct in assuming that the debt became due on December 18, 1929, he was still in error in charging that the action which was begun on December 18, 1935, was barred by the statute of limitations. Code 1932, § 388. [Six year statute, present Section 10-143]. It is an action against the executors of the will of D. Sams. By statutory provision Code 1932, Section 418 [present

Section 19-554], such representatives are exempt from suit for the space of one year after the death of the testator [since reduced to six months by Section 19-554], and the plaintiff was protected against the bar of the statute of limitations until December 18, 1936 [the end of the seventh year].

The contention of respondents is, in effect, that *Strickland v. Chaplin,* 199 S. C. 203, 18 S. E. (2d) 736, decided four years after *Oswald,* changed the long standing principle that the statutory preclusion of suit during the administration period suspends the running of the applicable statute of limitations.

*Strickland* involved an action by a creditor to marshal the assets of a decendent within the administration period. A demurrer to the complaint was sustained and, on appeal, a majority of the court expressed the view that an action to marshal assets could not be prosecuted within the statutory period, but held that the issue was moot because of the lapse of time, stating:

However, pending this action and appeal the question has become a moot one for during such the bar of the Statute has expired by lapse of time. The situation is as was in the case of *O'Daniel v. Lehre, et al.,* 2 Strob. Eq. 83, in which it was said with great clarity:

'Where an executor is sued before the time allowed for ascertaining the debts of the estate, and objects to the prematurity of the suit, his defense is in the nature of a *dilatory plea;* and the long established practice in this Court is, not to dismiss the bill, but to order the plaintiff to pay the costs, and that the bill stand over.

At the expiration of the time allowed to the defendant, the Court proceeds to the hearing.' (Emphasis added).

The foregoing language is used as the basis for the conclusion that, since an administrator's objection to a suit brought within the administration period is in the nature of a *dilatory plea,* appellant could have "commenced" its suit

against the estate within the administration period of six months (Section 19-554), if it had chosen to do so. It is then concluded that *Strickland* removed the incapacity of a creditor to maintain a suit against an estate during the six months period and, therefore, the addition of the administration period to the statute of limitations would judicially create a longer period than dictated by the legislature. This argument misinterprets the decision in *Strikland* and represents a misunderstanding of the *dilatory plea.*

*Dilatory pleas* are thus defined in Black's Law Dictionary, (4th ed) :

A class of defenses at common law, founded on some matter of fact not connected with the merits of the case, but such as might exist without impeaching the right of action itself. They were either pleas to the jurisdicton, showing that, by reason of some matter therein stated, the case was not within the jurisdiction of the court; or pleas in *suspension,* showing some matter of temporary incapacity to proceed with the suit; or pleas in *abatement,* showing some matter for abatement or quashing the declaration.

The dilatory plea discussed in *Strickland* is the *plea in suspension* referred to in the foregoing definition from Black's Law Dictionary. This plea is referred to in 1 C. J. S. Abatement and Revival § 7, as affording a defendant the right to "seek the stay of an action until the removal of some specified temporary disability." C. J. S. further states:

Traces appear in some early decisions of a dilatory plea styled a plea in suspension, defined as a plea which shows some ground for not proceeding with the suit at the present time and prays that the pleading may be stayed until that ground is removed, and variously regarded as being distinct from, and as being a special form of, the plea in abatement. . . . Useful, perhaps, under the common-law doctrine that abatement defeats or destroys the pending action, their effect appears to have been no different than that resulting from the rule in equity that abatement operates only as a suspen-

sion or interruption of such action, which has been so widely adopted by the codes and procedural statutes.

*Strickland* recognizes the bar of the statute to the prosecution of a creditor's suit against an administrator or executor within the administration period, and in no sense removes the creditor's disability or incapacity to maintain the action. That case simply stays the action until the expiration of the administration period instead of dismissing it with the right to institute it again when the period expires. The requirement in *Strickland* that the creditor who brings an action against an administrator during the administration period shall pay all costs and disbursements incurred to the time of the expiration of the statutory bar could *only* be based upon the fact that no right to institute the action during the administration period existed.

Since the appellant had no right to maintain an action against the respondent administratrix during the six months period, that period, under the long established rule in this State, should be added to the applicable six year statute of limitations in order to determine the period within which suit could be instituted. Appellant had six years and six months in which to commence its action and it did so within that period.

The judgment of the lower court is accordingly reversed.

RHODES and GREGORY, JJ., concur.

NESS and LITTLEJOHN, JJ., dissent.

NESS, Justice (dissenting):

My disagreement with the majority opinion is based solely on the interpretation of *Strickland v. Chaplin,* 199 S. C. 203, 18 S. E. (2d) 736 (1942).

As I interpret Section 19-554 and the *Strickland* decision, it appears that eighteenth and very early nineteenth century case law required addition of the administration period to the statute of limitations in order to realize the full legislative directive for the statute of limitations period. Apparently, the

rationale was that Section 19-554 did not allow the *institution* of an action and therefore the limitations period was being reduced as the statutory bar to institution of suit precluded tolling of the statute of limitations.

In 1942, *Srickland* was decided wherein the Court cited the following from *O'Daniel v. Lehre et al.,* 2 Strob. Eq. 83 (1848) :

"Where an executor is sued before the time allowed for ascertaining debts of the estate, and objects to the prematurity of the suit, his defense is in the nature of a dilatory plea; and the long established practice in this Court is, not to dismiss the bill, but to order the plaintiff to pay the costs, and that the bill stand over. At the expiration of the time allowed to the defendant, the Court proceeds to the hearing."

The majority opinion emphasizes the fact that *Strickland* did not involve the application of the statute of limitations; and, this is irrefutable. *Strickland* was a civil procedure case where a creditor sued the estate within the administration period and the administrators demurred. The majority and the dissenters were at odds as to whether that action was one for recovery of a debt or for the marshalling of assets. The issue presented by the case was whether the demurrer was properly sustained by the lower court. All Justices agreed that the lower court should be reversed and further proceedings on the cause of action had.

While *Strickland* did not expressly deal with the statute of limitations, it did treat the major and foremost factor involved in a limitations problem: the ability to institute an action and therefore toll the statute. The holding of *Strikland* is that a suit brought during the administration period is not demurrable; the proper plea is in the nature of a dilatory plea. The action *is not dismissed* but merely suspended and held over until the administration period has run. Essentially, *Strickland* transforms the "no action shall be commenced" language of Section 19-554 to a temporary incapacity to *proceed.* Hence, while *Strickland* did not mention the

body of law, limitations of actions, it did adjudicate the heart of that area of law, the right to institute the action.

To assert that *Strickland* has no relevance to limitations law simply because it was not the express subject of the appeal produces a legal anomaly: The statute of limitations provides for 6 years in which to institute a suit. The majority would add the 6 months administration period because of the *Lawton, Moore,* etc. precedent and the premise that *Stickland* is inapplicable. However, *Strickland* specifically states that an action brought within the administraton period should not be dismissed. The result is a period of 6 years and 6 months in which suit can be instituted; a result whch is just as unfair to the defendant as the shorter limitations period (which *Lawton, Moore,* etc. alleviated) was to the plaintiff.

Perhaps, and probably, the *Strickland* holding as affecting limitations law was inadvertent. But, nevertheless, the basic underpinning of *Lawton, Moore,* etc. [that suit could not be *instituted* during the administration period] has been undercut by *Strickland.* To follow the addition procedure of *Lawton,* etc., and not overrule *Strickland* renders the decisions incompatible. *Lawton, Moore* and their progeny were logically founded on the supposition that suits could not be instituted during the administration period, inferentially that such an action would be dismssed. *Strickland* holds that a suit brought during the administration period should not be dismissed, inferentially that it can be instituted. The logical and legal inconsistencies can not be rationalized by a mere conclusion of inapplicabilty.

Finally, some significance might be attributed to the statement in *Strickland* that this issue had become moot because the administration period had run and that the holding is therefore dicta. I suggest the use of the term "moot" was unfortunate and inaccurate. Mootness indicates an abstract question or the resolution of the controversy. In *Strickland* the issue of whether the demurrer should have been sustained

remained in spite of the expiration of the administration period. In fact, the Court in its resolution of the case did not dismiss the appeal as it would a moot case; the Court reversed the Order of the lower court, unquestionably indicating that a viable controversy continued to exist and adjudication of the issue was necessary.

I am of the opinion that the interpretation of Section 19-554 in *Strickland* now permits the filing of an action against the executor or administrator during the six month administration period.

The logic employed in our earlier decisions remains sound; parties should be permitted the opportunity to institute suits for a cumulative period commensurate to the applicable statute of limitations. Now that the impediment to the maintenance of an action against the estate during the administration period has been removed, addition of the admnistration period to the statute of limitations would judicially create a longer period than dictated by our legislature. The Department had the opportunity to file suit against the estate for a full six years. Having failed to expeditiously exercise its right, I would affirm and hold the Department is now barred by the statute of limitations.

LITTLEJOHN, J., concurs.