## EX PARTE LANDRUM.

1. APPEAL — SUPREME COURT — PROBATE COURT — ATTORNEYS' FEES— EQUITY.—A proceeding in probate court to fix fees of attorneys representing executor and to determine out of what fund it should be paid, is a proceeding in chancery, and this Court has jurisdiction to review the finding of Circuit Court on appeal from probate court.
2. APPEAL.—Point not made before probate court properly not considered by Circuit Court on appeal.
3. FINDING as to amount of attorney's fee reversed.
4. ATTORNEYS' FEES OF EXECUTOR should usually be paid out of devises and legacies in remainder.
   *McClellan* v. *Hethering,* 10 Rich. Eq., 202, *distinguished.*
5. REHEARING refused.

Before TOWNSEND, J., Edgefield, August, 1903. Modifieed.

Proceeding in probate court to fix fees of attorneys representing executrices in *Ex parte* Lewis D. Landrum *et al.,* executors, &c., *in re* last will of Mrs. Emily G. Budwell. From Circuit decree modifying probate decree, Baptist Mission Boards of the Southern Baptist Convention, legatees, appeal.

*Messrs. Thompson & Wells,* for appellants, cite: *As to when fees should be paid and the amount:* 1 Ency., 967; Rice Eq., 51; 4 Rich. Eq., 39; 8 Rich. Eq., 87; 25 S. C., 501; 60 S. C., 272; 5 Martin, 397; 15 La., 395; 24 S. C., 483. *Costs and fees should be prorated among parties in interest:* 11 Rich. Eq., 553; 4 Ency., 1; 7 Ency., 411; 21

S. C., 178; 45 S. C., 319; 62 S. C., 489; 1 Strob., 393; 49 Conn., 519; 39 Ky., 104; Was. Am. L. of Ad., 1149; 33 Ala., 291; 4 Gill., 55; 9 Bush., 49-54; 100 Pa. St., 197; 10 Rich. Eq., 202.

*Mr. J. W. DeVore,* also for appellant, cites: *Fee should not be paid out of residuary fund:* 10 Rich. Eq., 205.

*Messrs. Johnstone & Welch,* contra, cite: *Amount to be paid attorneys is a question of fact:* 16 S. C., 621; 12 S. C., 463; 44 S. C., 75, 437; 60 S. C., 282; 3 Ency., 2 ed., 419, 420, 421, 424; 32 Fed. R., 324; 55 Miss., 380; 10 Abb. N. Cas., N. Y. Sup. Ct., 15; 23 Fed. R., 442; 93 U. S., 557; 1 Wall., Jr. (C. C.), 196. *Out of what fund should the attorneys be paid?* 7 Ency., 2 ed., 411, 1281; 19 Id., 1300; 1 Brev., 289; Chev. Eq., 129; Rich. Eq., 198; 3 Rich. Eq., 65; 13 Rich. Eq., 59; 10 Rich. Eq., 469; 1 DeS., 500; 29 S. C., 102; 22 S. C., 101; 14 Rich. Eq., 259; 3 Rich. Eq., 65; 28 S. C., 324.

May 2, 1904. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order determining the amount of attorneys' fees and the fund out of which they should be paid. That porton of the decree setting forth the facts of the case is as follows:

"This is an appeal from the decree of the probate judge of Edgefield County, fixing the fees of the attorneys for the executrices of the will of the late Mrs. E. G. Budwell. It appears that application was made to the probate judge to fix the amount of such fees and also direct the fund out of which the same should be paid. The attorneys claim they should be paid the sum of four thousand five hundred dollars as compensation for past services to the estate, and also for services to be rendered in defending the suit brought by Mary Belle Keese against the executrices for the sum of $3,167.61, with interest, now aggregating about four thousand dollars, and

also for services to be rendered for the final settlement of the estate. The probate judge entered his decree fixing the amount of the fees of the said attorneys at the sum of two thousand four hundred dollars, and directing that the same should be paid out of the residuary part of the estate, such residuary being composed largely of personal assets. The attorneys for the executrices are E. H. Folk, Esq., J. Wm. Thurmond, Esq., and Messrs. Croft & Tillman, and they appeal from that part of the decree of the probate judge which fixed the amount of the fee at two thousand four hundred dollars, claiming that the said fee should be four thousand five hundred dollars, as claimed.

"The Home and Foreign Mssions Boards of the Southern Baptist Convention, residuary legatees and devisees, also appeal from so much of said decree as directs that the fee be fixed at twenty-four hundred dollars, and be paid out of the residuary legacies and devisees, claiming that the same, together with costs, should be paid ratably out of the funds of all the devisees and legatees, so that the same should be a burden on each of the devisees and legatees in proportion to the value of the property given them. The pleadings and proceedings are very lengthy, but I gather from them that the late Mrs. E. G. Budwell died in the month of January, 1902, leaving a last will and testament, which was admitted to probate in common form in the probate court at Edgefield soon after her death.

"Lewis Landrum and Elizabeth R. Landrum were appointed executor and executrix of the will. Lewis Landrum was a brother-in-law of the testatrix, and at first he alone qualified as executor. Elizabeth R. Landrum is a sister of the testatrix, and Hortense Landrum is her niece. Soon after the qualification of Lewis Landrum as executor, it seems that some of the heirs at law of the testatrix insisted upon Elizabeth R. Landrum and Hortense Landrum also qualifying as executrices of the will, on the ground that Lewis Landrum was without any means of his own, and hence they desired that the persons in charge of the estate

should be persons of means, and be able to respond to any dereliction of duty; accordingly Elizabeth R. Landrum and Hortense Landrum qualified as such executrices. In a few months thereafter, Lewis Landrum departed this life, so that the said executrices are now the only representatives of the said estate.

"It further appears that had the said testatrix died intestate, she would have left as her heirs at law J. B. Budwell, her husband; J. M. Bell, her brother; Elizabeth R. Landrum and H. M. Timmerman, sisters, and Jno. B. Towill, a nephew, and Hennie Towill, a niece, who are children of Angeline Towill, a predeceased sister of the testatrix.

"A petition was filed by the said J. B. Budwell praying that the said executrices be required to have the will probated in solemn form; whereupon the executrices caused a summons to be served upon all parties interested under the will, and also upon all persons who would have been the heirs at law of the testatrix if she had died intestate, requiring them to appear by a day certain, when the will would be presented for probate in solemn form. Said J. B. Budwell, H. M. Timmerman, John M. Bell, John B. Towill and Hennie Towill each answered, each alleging, in substance, that at the time of the execution of the will, the testatrix was not of sound mind, and was, therefore, incompetent to make her will, and was under undue influence when she read said will; and alleging for those reasons that the instrument propounded was not in fact the will of E. G. Budwell. The executrices and all of the legatees and devisees answered, alleging that the instrument presented was the will of the testatrix, and asked that the same be proven in solemn form.

"On the day fixed for trial of this issue, the said parties appeared before the probate judge at the court house at Edgefield. The executrices were represented by Messrs. E. H. Folk, J. Wm. Thurmond, and Croft & Tillman; J. B. Budwell was represented by Messrs. Sheppard Bros., N. G. Evans and J. W. DeVore; Mrs. H. M. Timmerman, John B. Towill and Hennie Towill, by E. F. Strother, Esq.; The

Home and Foreign Mission Boards of Southern Baptist Convention were represented by Messrs. Tompkins & Wells. A large number of witnesses were sworn on the part of the proponents and several on the part of the contestants. The trial lasted two days, and after argument the proabte judge rendered his decision sustaining the will.

"The contestants then gave notice of intention to appeal to the Court of Common Pleas for Edgefield County. The evidence convinces me that the attorneys for the executrices exercised great diligence and went to much trouble in preparing the case for trial; that they traveled considerable distances to see the witnesses, at Johnston, at Aiken and beyond Saluda Court House, in Saluda County; that upon the appeal, they again prepared the case for trial before a jury in the Court of Common Pleas at Edgefield, summoned again all the witnesses, were fully prepared for the trial, when by skillful management on the part of the attorneys representing the estate, the appeal was dismissed and final judgment entered, by confirming the decree of the probate judge, which had admitted to probate the will in due form of law. It appears that the estate had assets worth forty-two thousand dollars, that the contestants were persons of prominence and great influence in the county, and were represented by able and learned lawyers. The result obtained by the attorneys for the executrices was entirely successful. These facts and from the evidence before the probate judge, I am satisfied that the fee of four thousand five hundred dollars charged by the attorneys for the estate is reasonable and should be allowed, and I so find and decree.

"It, however, appears that the sum of seven hundred and fifty dollars has already been paid to said attorneys. This amount should, therefore, be deducted from that fee, which will leave the sum of thirty-seven hundred and fifty dollars still going to the said E. H. Folk, J. Wm. Thurmond and Croft & Tillman, but of this amount, the sum of four hundred dollars must be retained by the executrices until the case brought by May Belle Keese against them has been finally

disposed of and the estate closed. In addition to the services rendered by the attorneys for the estate above mentioned, it is also in evidence that they repeatedly advised the executrices concerning their general duties."

We will first dispose of the queston whether the findings of fact by the Circuit Court are reviewable by this Court. In an action at common law, the only judgments that could be rendered were:

1. For the recovery of specific real property.
2. For the recovery of specific personal property.
3. For money.

In the case under consideration, the respondents not only seek to recover judgment for the amount of their fees, but likewise to have determined out of what fund they are to be paid. This renders it necessary to invoke the aid of the Court in the exercise of its chancery powers. The facts are, therefore, reviewable by this Court.

The next question to be considered is whether a previous order of the probate court relating to the fees of the attorneys is *res judicata.* In the record it is stated that "at the hearing in the probate court fixing the fees, no question was raised as to the matter being *res judicata,* and this question was raised for the first time before the Circuit Judge on appeal." The Circuit Court, therefore, properly refused to sustain such objection.

We will next consider whether the Circuit Court erred in allowing attorneys' fees to the amount of four thousand five hundred dollars. It is always a delicate question when this Court is called upon to determine whether there was error in the amount allowed as attorneys' fees. In this case eight witnesses testified as to the amount of fees that should be paid to the attorneys: B. R. Landrum (the son of one of the executrices), Mrs. Hortense Landrum (one of the executrices), Governor J. C. Sheppard, Mr. N. G. Evans, Mr. S. McGowan Simkins, Mr. G. W. Croft, Mr. E. H. Folk and Mr. J. Wm. Thurmond, the last three being the respondents in this

case. Each of said respondents testified that in their opinion four thousand five hundred dollars would be a reasonable fee. None of the other attorneys who testified, however, seemed to be of this opinion. After careful examination of all the testimony and due consideration of the findings of fact by his Honor, the Circuit Judge, this Court is satisfied that the preponderance of the evidence is against such findings, and that the proper amount of fees is set forth in the probate judge's decree, to wit: two thousand four hundred dollars.

As this conclusion merely involves a question of fact, we do not think it would subserve any useful purpose to state at length the testimony which induces us to reach this conclusion.

The last question to be determined is whether the Circuit Judge erred in adjudging that the fees of the attorneys should be paid out of the devises and legacies to the Home Mission Board and the Foreign Mission Board. 4 Unless there is something peculiar in the case which takes it out of the general principle, then the Circuit Judge was right in so ordering. The appellants seek to bring the case within the principle announced in *McClellan* v. *Hethering,* 10 Rich. Eq., 202, in which it was held that an executor who was a devisee and legatee was allowed his counsel fee in establishing the will before the ordinary in solemn form, but that the devise to him and the legacies should be charged ratably in proportion to value with the counsel fee. The reason why the Court so decided was because the executor was in fact litigating in his own right and for his own interest, while in the case under consideration the executrices were compelled to take part in the litigation, and only sought to discharge their trust in the manner required by law. When J. B. Budwell, the husband of the testatrix, filed his petition to have the will probated in solemn form, the probate judge was compelled to grant the petition, and the executrices were necessary parties to such proceed-

ings.   It cannot, therefore, be said that they were litigating for their own rights and for their own interests.

Judgment modified.

Petition for rehearing dismissed May 23, 1904.