19393

Burchell B. MINTER, Administrator of the Estate of Fannie R. Minter, Respondent, v. STATE of South Carolina, DEPARTMENT OF MENTAL HEALTH and William S. Hall, Appellants

(187 S. E. (2d) 890)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *David Jackson Cooper, Jr.,* of Columbia, *for Appellants,*

*Malcolm E. Rentz, Esq.,* of *Rentz, Anders & DeBerry,* Columbia, *for Respondent,*

March 27, 1972.

Moss, Chief Justice.

Mrs. Fannie R. Minter, being mentally ill, was first admitted to the South Carolina State Hospital on May 20, 1930. She was released and re-admitted to the hospital from time to time and on November 1, 1936, she was re-admitted to said hospital and remained there continuously as a patient until her death on August 20, 1967.

Burchell B. Minter, the son and sole heir of Mrs. Fannie R. Minter, who died intestate, was appointed as administra-

tor of her estate by the Richland County Probate Court on September 14, 1967.

The South Carolina State Hospital timely filed a claim against the estate of Mrs. Fannie R. Minter in the amount of $15,796.81 for her maintenance and care, rendered at State expense while she was a patient in the State Hospital. Burchell B. Minter also filed his claims against the estate. Thereafter, the attorney for the administrator forwarded to the State of South Carolina Department of Mental Health, the appellant herein, a proposed first and final accounting in which he listed as a receipt the amount of $2,567.75, this being the amount in the personal account of the deceased held by the appellant, at the time of her death. The aforesaid sum was in her personal fund account from accumulated Veterans Administration benefits to which she was entitled. The respondent proposed disbursements to himself, individually, of $546.05 as "commissions on all funds" and $500 as "fee for originating funds in the estate." After receiving the proposed accounting, the appellant notified the attorney for the administrator of its objections thereto and demanded that the administrator timely file a proper accounting.

A controversy having arisen between the administrator and the appellants as to the validity of the claims against the estate, and the priority of payment, this action was instituted to determine such. The appellants timely served and filed their answer and counterclaim.

This case was referred to the Master in Equity for Richland County to take the testimony and to hear and determine all issues of law and fact. The Master, in obedience to such order, conducted a hearing on September 15, 1970, at which time the testimony was taken and various exhibits were offered in evidence. On February 23, 1971, the Master filed his report finding (1) that I. Marshall Minter, the husband of Mrs. Fannie R. Minter, did on July 14, 1956, enter into a contract with the appellant to pay $7.00 per

month for the past, present and future care and keep of his wife in the State Hospital, and that ten such payments were made; (2) that Burchell B. Minter prompted and received benefits for Mrs. Fannie R. Minter from Social Security and the Veterans Administration after the death of I. Marshall Minter in 1963, and that the payments referred to in the contract of July 14, 1956, were continued by him and the total sum of $3,670 was paid to the appellant; (3) that the State Hospital has been fully and completely paid for the care and keep of Mrs. Fannie R. Minter; and (4) that $500 was a reasonable fee for the respondent's attorney.

Exceptions to the report of the Master were duly filed by the appellants and they were heard before The Honorable John Grimball, Resident Judge of the Fifth Circuit, who, by his order of May 6, 1971, overruled such exceptions of the appellants and confirmed the report of the Master, with modifications which we will hereinafter discuss. Due notice of intention to appeal to this Court was given.

The first question for determination is whether the State Hospital could and did validly contract with I. Marshall Minter, during the lifetime of Mrs. Fannie R. Minter, to accept the payment of $7.00 per month as full and complete payment of her past, present and future expenses for medical care and maintenance rendered to her at State expense when the established charges therefor were $60.00 per month.

The South Carolina Mental Health Commission, in obedience to Section 32-1026 of the Code, established the charges for the maintenance and medical care for patients in the mental health facilities of this State at $60.00 per month. It appears that on July 3, 1956, the appellants advised I. Marshall Minter that the Commission was investigating all persons admitted to the State Hospital for the purpose of determining whether persons responsible for them or their estates could establish them on a paying basis. He was further advised that the charge for the services at

the State Hospital had been currently fixed at $60.00 per calendar month, which was a little less than the actual cost, and this amount would satisfy all claims of the Commission.

He was told that lesser amounts would be acceptable where the maximum amount would be in excess of what a payor could reasonably afford to pay. He was further advised that a payor could pay any amount from $3.00 to the maximum of $60.00. Minter replied that he could pay $7.00 per month for his wife. It is undisputed that Minter paid a total of $70.00 from August 7, 1956, through June of 1957. Each month the appellants would send to Minter a statement as to the amount due at $7.00 per month and appearing thereon was the following: "If the amount remitted is less than the present established monthly charge of $60.00, it is accepted only as partial payment." Minter died on April 2, 1963.

The liability of estate of deceased patient for State care is provided for in Section 32-1027 of the Code, as follows:

"Upon the death of a person who is or has been a patient or trainee of a State mental health facility the executor or administrator and the judge of probate shall notify the Commission in writing. If the decedent was cared for at the expense of the State during his confinement, the Commission shall present a claim for the amount due, and this claim shall be allowed and paid as other lawful claims against the estate."

Contracts for the care and treatment of patients in the State Hospital is provided for in Section 32-1028 of the Code, as follows:

"The Commission shall make investigations and ascertain which of the patients or trainees of State mental health facilities or which of the parents, guardians, trustees, committees or other persons legally responsible therefor are financially able to pay the expenses of the care and treatment, and it may contract with any of these persons for a patient's or trainee's care and treatment. The Commission may require any county or State agency which might have or

might be able to obtain information which would be helpful to it in making this investigation to furnish this information upon request. In arriving at the amount to be paid the Commission shall have due regard for the financial condition and estate of the patient or trainee, *his present and future needs* (emphasis added) and the present and future needs of his lawful dependents, and whenever considered necessary to protect him or his dependents may agree to accept a monthly sum less than the actual per capita cost."

A lien for the care and treatment of a person receiving such in a State mental health facility is provided for in Section 32-1029 of the Code, as follows:

"There is hereby created a general lien upon the real and personal property of any person who is receiving or who has received care or treatment in a State mental health facility, to the extent of *the total expense* (emphasis added) to the State in providing the care, training or treatment."

In the case of the *South Carolina Mental Health Commission v. May,* 226 S. C. 108, 83 S. E. (2d) 713, this Court held that the maintenance and care by the State of one mentally ill is not unconditional charity but is based upon expectations of future reimbursement if the circumstances should thereafter permit.

We further said in the cited case that it was hardly reasonable to say that because one is admitted to such an institution as an indigent patient and later becomes one of substance by inheritance or otherwise, her estate, as in this instance, should not be required to compensate the State for the costs of her care and treatment. We further held in the *May* case that it was the intention of the Legislature that the patient, when able, should reimburse the State for such care and maintenance. The executors or administrators of the estates of such patients are required to ascertain from the proper authorities whether or not the deceased was supported while an inmate and the claim for such support or the balance due, in case less than the minimum rate had

been paid, was required to be paid and allowed as other claims against the estate. The language of the statute requiring a claim to be filed upon the death of a person who is or has been a patient for the amount due was intended by the Legislature to cover the period during which such care and treatment was received.

Assuming, without deciding, that the appellants had the right to and did enter into a contract with I. Marshall Minter for the care and maintenance of his wife while a patient in the State Hospital such, under Section 32-1028 of the Code, could apply only to her present and future needs. There is nothing in the letters between the parties from which it can be concluded that such had any reference to the amount due and owing for past support and maintenance existing at the date of the making of the alleged contract. The total amount due for the past care and maintenance of the patient, as of August 1, 1956, was $10,198.75.

The patient remained in the said State Hospital for a little more than eleven years after the date of the alleged contract and at $7.00 per month the total for such care and maintenance, again assuming the existence of a contract, would be $924.00 and adding this to the past due account the total would be $11,122.75. Burchell B. Minter, during the lifetime of his mother, obtained certain Social Security benefits for her following the death of I. Marshall Minter. He received such as representative payee and paid to the appellants from the said benefits the total sum of $3,600.00 for the care and maintenance of his mother. It thus appears that the payments from Social Security plus the $70.00 paid by I. Marshall Minter amounts to $3,670.00, paid on the account, leaving a balance due by the estate of Mrs. Fannie R. Minter to the appellants of $7,452.75.

We wish to make it perfectly clear that we find it unnecessary for determining the validity of the alleged contract between the parties for the reason that the balance due by the respondent to the appellants will exhaust, after the

payment of the necessary and allowable administrative costs, the funds in the hands of the respondent.

We conclude that the appellants have a valid and subsisting claim against the respondent in the amount of $7,452.75 and such is a debt due the public within the purview of Section 19-476(2) of the Code, and a general lien for the payment thereof exists pursuant to Section 32-1029 of the Code. The appellants are entitled to the payment of the aforesaid sum by the respondent in preference to any payment to the respondent for originating funds in behalf of his mother during her lifetime. If such claim was valid, it would only represent a debt by a simple contract. It follows, that the lower court was in error in holding that the parties entered into a contract to pay $7.00 per month for the past care and keep of Mrs. Fannie R. Minter and that the State Hospital had been fully and completely paid for such care and keep.

It appears, following the death of I. Marshall Minter, that his widow, Fannie R. Minter, was entitled to certain benefits from the Veterans Administration. Mrs. Minter had no legally appointed committee and the Veterans Administration, pursuant to Section 32-1042 of the Code, paid over the money representing these benefits to the State Hospital as custodian for her. Mrs. Minter died while a patient in the State Hospital and her funeral expenses in the amount of $1,198.29 were paid from the funds held by the State Hospital. The balance remaining in this fund was paid over to the respondent. The respondent, in his first and final return, attempts to pay to himself commissions on the amount paid by the State Hospital for the funeral expenses of his intestate. It is the position of the appellants that the respondent is not entitled to commissions as administrator for the reason he never actually received or paid out the amount expended for the funeral expenses.

The right of an administrator to compensation is controlled by Section 19-534 of the Code, which provides that he is

entitled to commissions by a percentage of the sums "which he shall receive" and "which he shall pay away." Admittedly, the administrator did not actually receive and pay away the money representing the bill for the funeral expenses of his intestate.

There is no valid basis, here, for the allowance of administrator's commissions to Burchell B. Minter because he never actually received and paid out the funds for the funeral expenses of his intestate. He is entitled to commissions on the unexpended balance paid over to him by the State Hospital and is entitled to no commission on the amount paid by the State Hospital for the funeral expenses. This accords with our holding in the case of *In re Ouzts' Estate,* 245 S. C. 150, 139 S. E. (2d) 465.

The final question is whether the trial judge erred in ordering the respondent's attorney's fees paid out of the assets of the estate.

In the respondent's proposed first and final return as the administrator of his mother's estate, he proposed to pay to his attorney $276.00 for his services. The appellants do not contest the payment of this amount as attorney's fees, but they do object to the payment of the sum of $500.00 as recommended by the Master or the sum of $750.00 as ordered to be paid by the trial judge. The basis of such objection being that the respondent was litigating for himself under the guise of administrator of this estate and because of such he cannot charge the estate with the attorney's fees thus incurred.

The respondent, in his proposed first and final return as administrator of the estate of his mother, proposed to pay to the appellants in full satisfaction of their outstanding claim, being all remaining funds of the estate, the sum of $3,000.40. The appellants contend under a proper accounting that they would be entitled to the sum of $3,820.39, a difference of $819.99.

The respondent claimed an originating fee of $500.00 for services rendered his mother during her lifetime for filing claims for Social Security and Veterans benefits. As is heretofore stated, this was a simple debt of the estate and could not take priority over the indebtedness to the appellants. The respondent also claimed that he was entitled to compensation as administrator in the amount of $546.05. However, a true accounting reveals that the administrator is entitled to only commissions in the amount of $226.06 or a difference of $319.99. In adding this amount to the originating fee, we have a total of $819.99, the exact difference between the sum of $3,000.40 tendered by the respondent and the sum of $3,820.39 claimed as the correct amount by the appellants.

It is apparent to us that this litigation by the respondent against the appellants was solely for his own benefit. In such a case, the estate should not be called upon to bear the expense of attorney's fees for the bringing of this action. We do not hold that the attorney for the respondent is not entitled to adequate and proper compensation for his services but any amount in excess of $276.00 should be collected from Burchell B. Minter individually and not from the estate funds. In this connection see the cases of *McClellen v. Hetherington,* 10 Rich. Eq. 202 and *Ex parte Landrum,* 69 S. C. 136, 48 S. E. 47.

The award of attorney's fees made by the lower court is reversed.

The judgment of the lower court is reversed and this case remanded thereto for further proceedings in accordance with the views herein expressed.

Reversed and remanded.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.