## 19753

CLARENDON HOLDING COMPANY, INC., by R. R. DuRant, Jr., and Thomasine G. Mason, its Trustees, Respondent, v. Carroll WITHERSPOON et al., Respondents, The South Carolina Department of Mental Health is, Appellant.

(201 S. E. (2d) 924)

30

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *David Jackson Cooper, Jr.,* of Columbia, *for Appellant,*

*Messrs. Bryant, Fanning & Yarborough,* of Orangeburg, *Rogers, Riggs & Rickenbacker,* of Manning, and *Arrowsmith & Jackson* of Florence, and *Baker & Etheridge,* of Darlington, *for Respondents,*

January 10, 1974.

LITTLEJOHN, Justice:

This case has been before this Court previously, resulting in our opinion as found in *Clarendon Holding Company v.*

*Witherspoon,* 258 S. C. 296, 188 S. E. (2d) 480, to which reference is made for a more full understanding of the issues involved in the appeal which we now consider. In that opinion we upheld an order of the lower court invalidating an attempted conveyance of land owned by Carroll Witherspoon, an incompetent, to the plaintiff Clarendon Holding Company. We remanded the case to the lower court for further action.

Consistent with our opinion, the lower court held a hearing and ruled upon several matters required before a final termination of the case can be had. In addition, the lower court proceeded to decide the priorities of the liens of the Clarendon Holding Company, of Witherspoon's attorneys, and of the South Carolina Department of Mental Health. The lower court set priority of the three liens as follows :

*First:* the lien of the plaintiff, Clarendon Holding Company, in the amount of Six Thousand Four Hundred Twenty-Four ($6,424.00) Dollars.

*Second:* the attorneys' lien of Witherspoon's attorneys in accordance with Judge Baker's Order of May 13, 1970.

*Third:* the lien of the South Carolina Department of Mental Health.

The lien of Clarendon Holding Company, in the amount of $6,424.00, was created by the order of Judge Wade S. Weatherford, Jr., when he invalidated the conveyance. He held that repayment of the purchase price to the grantee, Clarendon Holding Company, was required and held that the claim for refund of the purchase price was an equitable lien on the land. Six thousand four hundred and twenty-four dollars represents that portion of the purchase price paid by Clarendon which has not already been repaid or otherwise provided for.

The lien of the attorneys for Witherspoon is in accordance with Judge G. Badger Baker's order of May 13, 1970. When title to this land came into question in this action, it became apparent that Witherspoon and/or his Committee

would need legal representation. Judge Baker's order provided that counsel for the incompetent Witherspoon should be paid a third of that which was recovered, either in land or in money.

The third lien referred to above, or the lien of the South Carolina Department of Mental Health, arises by reason of a statute enacted by the legislature in 1952. Witherspoon has been a patient in the Department of Mental Health since 1930. The statute is § 32-1029, Code of Laws of South Carolina (1962), and reads as follows:

"There is hereby created a general lien upon the real and personal property of any person who is receiving or who has received care or treatment in a State mental health facility, to the extent of the total expense to the State in providing care, training or treatment. The Commission shall send to the clerk of court or the register of mesne conveyances in those counties having such officer and the judge of probate of the county of the patient's or trainee's known or last known residence a statement showing the name of the patient or trainee and the date upon which the lien attaches, which shall be filed in the offices of the clerk of court or the register of mesne conveyances in those counties having such officer and the judge of probate in each county in which the patient or trainee then owns or thereafter acquires property, real or personal, and no charge shall be made for this filing. From the time of filing in either office, the statement shall constitute due notice of the lien against all property then owned or thereafter acquired by the patient or trainee. No action to enforce the lien may be brought more than one year after the patient's or trainee's death. This lien shall in no way affect the right of homestead."

The amount of the claims of Clarendon Holding Company, and of Witherspoon's attorneys, and of the South Carolina Department of Mental Health was not in contest in the court below. The South Carolina Department of Mental Health has appealed purely on the matter of priorities set.

It is the contention of the Mental Health Department that theirs is a first lien and that the lower court should have so held. It is the position of the Clarendon Holding Company and of Witherspoon's attorneys that the lower court correctly established the priorities.

The South Carolina Department of Mental Health ■ has apparently appealed because of the lower court's misconstruction of the statute quoted above. Although the order would not be controlling in other similar cases in which the Department might be involved, the same would likely be influencing. The lower court held that § 32-1029 on its face requires filing of notice before a lien attached. We think that this was a misconstruction of the statute. The lower court should have held that the lien of the Mental Health Department attaches when care and treatment in a State Mental Health Facility is provided. The lien is created by the first sentence of the statute. The following sentences merely provide a method by which the Department may, if it chooses, give notice to other lien holders or to interested parties that a lien is claimed. Prior to filing of the notice with the clerk of court, or the register of mesne conveyances, or the probate judge, the lien as between the Department and the patient is somewhat like an unrecorded mortgage and binding between lienor and lienee. After notice of the lien has been filed, consistent with the statute, the lien then becomes similar to a recorded mortgage. In light of the disposition we hereinafter make of the case, our comment upon the interpretation of the statute is perhaps unnecessary. Our thinking is indicated because of its importance to the Department in dealing with similar claims.

A proper disposition of this appeal requires an analysis of the relationship of the parties. Carroll Witherspoon is totally incompetent and is (according to counsel's statement) still a patient in the South Carolina Department of Mental Health. Title to the 28 acres of land, the subject of this action, is now in him. His Committee is Annie Marjorie

Fleming and she is charged with the duty of taking over his assets for the benefit of the incompetent. Three liens are claimed against the 28 acre tract of land, to wit: claim of counsel by reason of Judge Baker's order, claim of Clarendon Holding Company by reason of Judge Weatherford's order, and claim of the Department of Mental Health by reason of the statute. Each of these is now entitled to proceed to enforce the lien. All of the three are now adversaries of Carroll Witherspoon, just as a mortgagor is an adversary of a mortgagee who is proceeding to foreclose.

Those who claim a lien on the property are entitled to proceeds in equity to ask the trial court to sell as much of the property as is required to satisfy the liens but no more. It is obvious to this Court that this is a tremendously valuable piece of real estate located on an interstate at one of the most important intersections in South Carolina. Proper management of the property remaining after the liens are satisfied will likely bring about adequate support for the incompetent as long as he lives. This Court recognizes in *Fairey v. Strange,* 115 S. C. 10, 104 S. E. 325, "Land is the safest investment known to the law, and mere money the most unsafe and easiest to lose." In dealing with the property, the best interest of the incompetent is the paramount consideration and sale of real estate, not needed to satisfy debts, may be brought about only where a more advantageous investment can be shown or where need for maintenance and support can be shown. These are, of course, considerations for a court of equity.

As indicated hereinabove, the amounts of the claims of the three lien holders were not contested in the court below. Though the issue is not presented to us, we are concerned that there was not raised on behalf of the incompetent the defense of the statute of limitations insofar as a portion of the claim of the South Carolina Department of Mental Health was concerned. Though we express no view relative to the validity of such a position, we feel compelled *ex*

*mero motu* to raise the issue and remand the matter to the lower court for the purpose of having it litigated.

Insofar as priorities are concerned, such issue concerned only the three lien holders. The incompetent is obviously able to pay all of them in full. There is no semblance of a reason for determining priorities until and unless it should become evident that all creditors cannot be paid in full. We therefore vacate the order insofar as it attempted to establish priorities.

The priority issue is purely of the lien holders' making and costs of this appeal should be assessed against one, two or all of them as determined by the lower court, but in no event against the interest of the incompetent.

The matter is remanded to the lower court for the purpose of permitting the incompetent to raise the statute of limitations issue and any other defenses available.

Remanded.

Moss, C. J., and BRAILSFORD, BUSSEY and LEWIS, JJ., concur.