0555

SOUTH CAROLINA DEPARTMENT OF MENTAL HEALTH, Appellant,
v. ESTATE OF Katherine GUERRY, Respondent.

(335 S. E. (2d) 812)

Court of Appeals

T. Travis Medlock, Atty. Gen., and Kennerly M. McLendon, Columbia, for appellant.

William Reynolds Williams, of Willcox, Hardee, McLeod, Buyck, & Baker, Florence, for respondent.

Heard June 17, 1985.

Decided Sept. 25, 1985.

BELL, Judge:

The South Carolina Department of Mental Health brought this action against the estate of Katherine Guerry to recover the cost of medical care furnished to Miss Guerry at various periods from 1947 through 1967. The circuit court held that the Department's claims for services furnished prior to August 30, 1966, were barred by the statute of limitations. The Department appeals. We affirm.

Katherine Guerry died intestate on November 4, 1981. She had been an inpatient at the Department's facilities from March 1947 to June 1951, from July 1955 to June 1956, from December 1960 to June 1965, from August 1966 to January 1967, and from April 1979 to her death. During these intermittent periods of confinement, she received medical care and maintenance from the Department. In September 1972, the Department filed a lien in the Office of the Clerk of Court for Williamsburg County, alleging a debt for services rendered to Miss Guerry through January 1967. The lien was also filed in the probate court in October 1972. After the claim giving rise to this action was filed, the Department recorded an amended lien for the charges accrued to the time of Miss Guerry's death.

On April 16, 1982, the Department filed a claim against the estate of Miss Guerry for $5,581.69, the alleged balance due for services rendered from March 1947 through November 1981. Guerry's administrator disallowed the claim on the ground that it was barred by the statute of limitations. The matter was heard by the judge of probate for Williamsburg County, who allowed the claim and or-

dered sale of real estate to pay the debt. From this order the administrator appealed to the circuit court. The circuit court held all claims for care provided prior to August 30, 1966, were barred by Section 15-3-620, Code of Laws of South Carolina, 1976, which provides, in pertinent part:

> The limitations prescribed by this article shall apply to actions brought in the name of the State or for its benefit in.the same manner as to actions by private parties; *provided, however*, that limitations against claims for charges for care ... received by any patient ... from ... any State mental health facility, shall commence to run against the State ... only from the last day upon which care ... was furnished to any such patient....

The parties agree that the six year statute of limitations applies to the Department's claim under this section.

The issue on appeal is whether the statute of limitations commenced to run at the end of each period of care Miss Guerry received from the Department, thus barring claims for periods of treatment prior to her hospitalization in August 1966.

As the circuit court recognized, the critical factor in this case is that Miss Guerry was hospitalized and discharged three separate times prior to 1966. During these years, her periods of hospitalization were separated by substantial intervals of time when she received no inpatient care from the Department. Each period.of hospitalization gave rise to a separate claim for the cost of care furnished at that time. As to each hospitalization the statute of limitations began to run "from the last day upon which care ... was furnished" to Miss Guerry, i.e., from the date of each discharge.

The Department argues that the statute of limitations commenced to run from Miss Guerry's death, relying on *South Carolina Mental Health Commission v. May*, 226 S. C. 108, 83 S. E. (2d) 713 (1954). *May* is readily distinguishable on its facts. In that case, the patient had been *continuously* hospitalized from 1915 until his death in 1952. Thus, there was only one period of treatment involved. The Department commenced its action well within six years after the last day upon which care was furnished. The Supreme Court held

that no part of the Department's claim was barred by the statute of limitations.[1]

In this case, separate hospitalizations are involved. Miss Guerry was discharged from the Department's care and received no inpatient treatment for periods of over four years between hospitalizations. In each instance, the last day upon which care was furnished was the date of her discharge. For the hospitalizations prior to August 1966, the statute of limitations had run long before Miss Guerry's final confinement and death. Her readmission in 1979 did not revive claims for care that were already barred by that time. Therefore, the circuit court committed no error in dismissing the pre-1966 claims. The judgment is

Affirmed.

SHAW and CURETON, JJ., concur.

---

[1] The Department also cites in support of its position *South Carolina Department of Mental Health v. Glass,* 269 S. C. 91, 236 S. E. (2d) 412 (1977); *Clarendon Holding Company v. Witherspoon,* 262 S. C. 29, 201 S. E. (2d) 924 (1974); and *Minter v. South Carolina Department of Mental Health,* 258 S. C. 186, 187 S. E. (2d) 890 (1972). *Glass* held that the running of the six year statute of limitations is suspended for the six month period during which suit against an executor or administrator is prohibited by Code Section 21-15-1640. It has no application to this case. Neither *Witherspoon* nor *Minter* decided any question involving the statute of limitations.